A89A1432. FULLER v. MAYOR & ALDERMEN OF SAVANNAH.
(389 SE2d 7)

BEASLEY, Judge.

In June 1980, Fuller d/b/a Party Time Production entered into an agreement with the Mayor and Aldermen of the City of Savannah to lease the Savannah Civic & Convention Center for a July 4 Peabo Bryson concert. The performance was cancelled. Fuller, individually and d/b/a Party Time Production, filed an amended eight-count complaint against the mayor and the aldermen alleging breach of contract, unlawful interference with contractual relationships, misrepresentation, false imprisonment, negligence, and violation of 42 USCA §§ 1982 and 1983. Defendants counterclaimed for expenses incurred as a result of the lease plus punitive damages and costs.

The case went to the jury on the breach of contract claims and on the counterclaim. The jury returned a verdict of $2,135.50 for Fuller in the case-in-chief and $2,135.50 plus interest for the mayor and aldermen on the counterclaim. Judgment was entered accordingly.

Fuller, who represented himself at trial, unsuccessfully moved for a new trial. He filed a notice of appeal pro se from the judgment on March 4, 1988. The notice specified that no portion of the record was to be omitted on appeal and that a transcript of evidence and proceedings would be filed for inclusion.

On October 14, defendants moved to dismiss the appeal on the basis that plaintiff's failure to have the transcript filed was inexcusable and unreasonable. The transcript was filed on November 10. Following a hearing, the trial court dismissed the appeal on November 18

specifically finding that there was a delay of eight months and six days after the filing of the notice of appeal before the transcript was filed, that there was no motion or request for an extension of time in which to file the transcript, and that at the hearing, plaintiff offered no excuse whatsoever for having failed to file a request for extension.

On January 27, 1989, Fuller moved for re-entry of the dismissal order nunc pro tunc on the basis that he had not received a copy of it. The court accepted that Fuller had not received notice of the order and re-entered the order dismissing the appeal on February 1, nunc pro tunc November 17, 1988, the date the previous order had been signed.

Fuller appeals from the February 1 order. He challenges the dismissal of his first notice of appeal as well as the trial court's grants of summary judgment on certain of his claims, the refusal to allow the reopening of evidence, certain aspects of the jury charge, the court's refusal to accept the initial verdict, and the court's refusal to grant a new trial.

1. The dismissal of the appeal must be addressed first as it is dispositive.

a) Although the essence of the February 1 order was a restatement of the November 18 dismissal, it is properly the subject of this appeal because it is undisputed that Fuller failed to receive timely notice of the initial ruling. Compare *Duncan v. Ball*, 174 Ga. App. 341, 344 (III) (330 SE2d 160) (1985). Although the second order was entered at the following term of court, see OCGA § 15-6-3 (17), the limitation of the inherent power of the trial court to change its judgment during the term at which it is entered, see *Ammons v. Bolick*, 233 Ga. 324, 325 (1) (210 SE2d 796) (1974), is not at issue because the court was not substantively changing or modifying its determination. It was merely redating its decision to prevent Fuller's being foreclosed from appellate review through no fault of his own. The Court has jurisdiction of the appeal.

b) As appellant acknowledges, his circumstance is much like that in *Glen Restaurants v. Bldg. 5 Assoc.*, 189 Ga. App. 327 (375 SE2d 492) (1988). He distinguishes *Glen* in that it was decided after all the relevant events in his own case, and that prior to *Glen* it had not been decided that failure to request an extension of time was fatal to an appeal. He further maintains that despite *Glen* his delay was not unreasonable within the meaning of OCGA § 5-6-48 (c).

Contrary to appellant's assertion, *Glen* was decided upon well-established principles applicable to this case. See *In re G. W. H.*, 168 Ga. App. 845, 846 (310 SE2d 573) (1983); *Dampier v. First Bank &c. Co.*, 153 Ga. App. 756, 757 (266 SE2d 539) (1980). It reaffirmed that "[f]ailure of the appellant to request an extension for the filing of the transcript is not in itself a ground for dismissal of the appeal absent a

judicial determination that the resulting delay was both unreasonable and inexcusable. *Young v. Jones*, 147 Ga. App. 65 (2) (248 SE2d 49) (1978)." *Glen*, supra at 328 (2). Even if *Glen* forged new ground, it could appropriately be applied retroactively here. See *Abu-Khdeir v. T. J. Maxx, Inc.*, 191 Ga. App. 523 (382 SE2d 216) (1989).

Although Fuller made an initial request to obtain the transcript, the record supports the trial court's finding that Fuller made no timely request for an extension of time in which to file a delayed transcript. Only after defendants moved to dismiss the appeal did Fuller file an affidavit attempting to chronicle his communications with the court reporter responsible for preparing it.

The court reporter was subpoenaed to the hearing on the motion to dismiss. Fuller had the opportunity to demonstrate via the reporter or otherwise any justification for his own action or inaction regarding the delay, including the failure to request an extension. The court found that Fuller did not offer any excuse for the failure and there is nothing contrary of record. " '(T)he fact that the initial delay in the preparation of the transcript may not have been the fault of the defendant does not excuse the filing delay, in the absence of a proper request by the defendant for an extension of time.' [Cits.]" *Glen* at 328 (2) quoting *Dampier*, supra. Nor is appellant excused from the legal requirements to preserve his appeal merely because he has chosen to proceed on his own.

"The trial court's decision on the issue of the unreasonable and inexcusable nature of the delay will be reversed only for abuse of discretion. [Cit.]" *Glen* at 327 (2). See also *Duncan*, supra at 343 (2). Because of the more than eight-month delay in the filing of the transcript, the failure to request an extension of time, and the absence of any articulated excuse for the failure, the court did not abuse its discretion in finding the delay to be unreasonable and inexcusable. Id. at 328 (2).

2. The determination in Division 1 renders the remaining enumerations of error moot.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 14, 1989 —
REHEARING DENIED NOVEMBER 29, 1989 —

*David A. Webster*, for appellant.
*Friedman, Haslam, Weiner & Ginsberg, Patrick T. O'Connor, James B. Blackburn*, for appellee.