A92A0359. BURTON et al. v. HAMILTON et al.
(418 SE2d 398)

BIRDSONG, Presiding Judge.

Appellants contest the dismissal of their appeal by the trial court under OCGA § 5-6-48 (c). After summary judgment was granted to

appellees, appellants filed a timely notice of appeal on September 5, 1990, which designated a transcript for inclusion in the record. When no transcript was filed by February 6, 1991, appellees moved to dismiss the appeal, and the motion was granted on September 5, 1991. Appellants then filed an amended notice of appeal assigning the dismissal of their appeal as error. *Held:*

As appellants designated the transcript for inclusion in the record, they were responsible for preparation (OCGA § 5-6-41 (c)) and filing of that transcript within 30 days of filing the notice of appeal. OCGA § 5-6-42. Appellants made no effort to do this. On February 21, 1991, during the hearing on the motion to dismiss, the court reporter testified the appellants had not ordered the transcript. The 23-page transcript was finally filed on March 5, 1991, more than 150 days after it was required.

Appellants have offered no reason or excuse for their failure to order the transcript other than to blame the clerk of court. The record shows, however, the clerk was not at fault. On September 6, 1990, one day after the notice of appeal was filed, the clerk sent appellants a statement of costs which included the notation, "when we receive transcript of evidence and your check for cost we will send the record. . . ." Further, on December 3, 1990, the clerk wrote appellants asking what should be done as the transcript had not been filed. Appellants, however, did not respond to the letter.

If a trial court finds there was unreasonable and inexcusable delay in filing a transcript and the delay was caused by the party responsible for preparation and filing of the transcript, the court may exercise its discretion and, if warranted, dismiss the appeal. OCGA § 5-6-48 (c); *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576). The order dismissing this appeal contains the requisite findings.

This appeal is unlike *Baker v. Southern R. Co.*, supra, or *Wagner v. Howell*, 257 Ga. 801 (363 SE2d 759), in which transcripts were timely ordered, but not timely filed because of action by the court reporters. Here, the record shows affirmatively the 151-day delay between October 5, 1990, when the transcript was required to be filed, and March 5, 1991, when it was ultimately filed, was caused by appellants' failure to order the transcript. Under the circumstances, OCGA § 5-6-48 (f) is inapplicable. Compare *Baker*, supra, and *Wagner*, supra.

Further, since the 150-day delay in filing the 23-page transcript actually and significantly impeded this appeal, the record supports the trial court's finding that it was unreasonable. Also, as the delay was caused by appellants' failure to order the transcript for more than 169 days after filing the notice of appeal, the record fully supports the finding that the delay was inexcusable. Appellants' attempt to foist responsibility for their inaction on the clerk of court is with-

out legal or factual support.

Accordingly, the trial court was authorized to consider whether dismissal was appropriate (*Baker v. Southern R. Co.*, supra), and the trial court did not abuse its discretion by dismissing the appeal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 15, 1992.

*Hillman J. Toombs*, for appellants.

*Crisp, Oxford, McKelvey & Jones, Howard S. McKelvey, Jr.*, for appellees.

