S92G0203. SELLERS et al. v. NODVIN et al.

(415 SE2d 908)

WELTNER, Presiding Justice.

The trial court dismissed Sellers' appeal for failure to file a transcript in a timely manner, pursuant to OCGA § 5-6-48.[1] We granted certiorari to consider "whether the Court of Appeals applied the correct standard to determine whether the delay was unreasonable." *Sellers v. Nodvin,* 201 Ga. App. 550 (411 SE2d 723) (1991).

1. (a) In *Young v. Climatrol Southeast Distributing Corp.,* 237

---

[1] OCGA § 5-6-48 (c) provides:

No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs.

OCGA § 5-6-48 (f) provides, in part:

An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court unless it affirmatively appears from the record that the failure was caused by the appellant.

OCGA § 5-6-42 provides, in part:

Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by Code Section 5-6-41. . . . The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . . unless the time is extended as provided in Code Section 5-6-39.

Ga. 53 (226 SE2d 737) (1976), we stated:

> Under the Appellate Practice Act, the dismissal of an appeal is not mandatory except for the three specific instances contained in [OCGA § 5-6-48 (c)]. All three relate to dismissals by the appellate courts. The provision authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable.* In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. [Cit.] . . .
>
> In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts. [Id. at 55.]

Compare *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990).[2]

(b) In *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20 (1) (363 SE2d 265) (1987), the Court of Appeals stated:

> [T]he threshold question whether the delay was *unreasonable* . . . refers principally to the length and effect of the delay. OCGA § 5-6-48 (c). See *Young v. Climatrol &c. Distrib. Corp.*, 237 Ga., supra at 55. As to this question the determination of the trial court is a matter of legal discretion and is subject to review by the appellate courts. Id.
>
> The time requirements of OCGA § 5-6-42 for filing the transcript are not jurisdictional, but are merely a means of avoiding delay so the case can be presented on the earliest possible calendar in the appellate courts. [Cit.] OCGA § 5-6-30 provides that the appellate practice article shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case except as may be specifically referred to in the article. The section requiring filing of the transcript within 30 days (§ 5-6-42) is specifically designed to facilitate an appellate decision on the merits at the earliest possible date. [Cit.] Since it is

[2] In *Baker,* the disposition of the case revolved around whether the responsible party had "caused" the delay. In this case, the issue is the reasonableness of the delay, not whether it was inexcusable. Accord *Wagner v. Howell,* 257 Ga. 801 (363 SE2d 759) (1988).

not a jurisdictional requirement, the demand for punctuality should not be so strict as to defeat the very purpose of the requirement by preventing an appeal altogether, unless the delay is unreasonable so as to affect the appeal itself. See *Gilland v. Leathers*, 141 Ga. App. 680 (234 SE2d 338) [1977]. Thus the policy of the law is to avoid a dismissal of the appeal and reach the merits of the case where it is reasonable to do so. [Cit.] [Id. at 21-22.]

The court noted that in that case, although the transcript was 11 days late,

[t]here is no intimation that the appellee suffered any prejudice by this 11-day delay. The appeal was not stale; justice was not delayed nor had any inequity resulted, nor was there any intermediate change in conditions. [Cit.] There is no indication the 11-day delay in filing the transcript prevented the placement of the case on the earliest possible calendar in this court [cit.] or delayed the docketing of the appeal and the hearing of the case in this court. [Cit.] The record from the clerk below was in fact not docketed in this court until . . . three and one-half months after the transcript was filed. Under these circumstances, it is difficult to conclude appellants' 11-day delay in paying for and filing the transcript, however inexcusable, was so unreasonable as to utterly remove their right of appeal. [Id. at 22.]

See also *McDonald v. Garden Services*, 251 Ga. 337 (304 SE2d 914) (1983), Justice Bell, dissenting, joined by two justices, which urges similar criteria as a standard for determining the reasonableness of delay.

2. (a) The trial court held:

After evidence and argument, the Court finds that Defendants [Sellers] failed to timely file the transcript, that Defendants failed to obtain an extension of time for the filing of the transcript and that the delay in the filing of the transcript was both unreasonable and inexcusable, especially in view of the consistent conduct of Defendants in seeking to delay this case.

(b) The uncontradicted evidence at the hearing was that the delay in filing the transcript did not delay transmission of the record to

the Court of Appeals.[3]

3. That being so, and there being no evidence of any of the other elements mentioned in *Galletta,* the trial court's express finding that the delay was unreasonable so as to warrant dismissal was an abuse of discretion under the standard set in *Galletta.*

*Judgment reversed. All the Justices concur.*

DECIDED MAY 11, 1992.

*Fred L. Cavalli,* for appellants.
*Richard A. Gordon,* for appellees.
*Marvin P. Nodvin,* pro se.

---

[3] Testimony at the hearing of December 18, 1990, includes the following: Nodvin received a copy of the transcript sometime in September 1990. The notice of appeal was filed October 3, 1990. On November 8, 1990, the appeals clerk of the state court sent Sellers a bill for costs, noting that preparation of the appeal record would not commence until payment was received. Sellers paid the bill on November 29, 1990. On December 17, 45 days after the time for filing the transcript had expired, Nodvin filed a motion to dismiss the appeal. Sellers filed the transcript at that time. The appeal clerk testified at the hearing that the appeal record would not be ready for another four weeks.