A94A1146. JACKSON et al. v. BEECH AIRCRAFT CORPORATION.
A94A1147, A94A1148. BEECH AIRCRAFT CORPORATION v. JACKSON et al.
(444 SE2d 359)

BIRDSONG, Presiding Judge.

This litigation arose from an aircraft accident; the pilot Dr. Joseph Jackson and his son were injured in the crash; Dr. Jackson, his wife, and son brought suit against Beech Aircraft Corporation (Beech), the manufacturer of the plane alleging defects in the aircraft. The jury returned a verdict in favor of defendant. The Jacksons appeal this judgment and Beech cross-appeals; Beech also appeals the denial of its motion to dismiss the Jacksons' appeal on grounds of delay in filing of transcript. *Held*:

Cross-appellant/appellee Beech contends the trial court erred in denying its motion to dismiss the cross-appellee/appellants Jacksons' main appeal (Case No. A94A1146) on the grounds that the Jacksons had and were continuing to cause through their neglect an inexcusably unreasonable delay in the filing of the transcript of proceedings.

The trial court, after noting it previously had granted several time extensions for filing of transcript, concluded that if the Jacksons had not yet ordered the transcript (a fact conceded by the Jacksons) an unreasonable delay had occurred; thereafter, the trial court found no evidence of prejudice as to the parties and declined to dismiss the appeal. However, the trial court failed to rule affirmatively on the record whether the unreasonable delay was excusable or who was the cause of unreasonable delay.

"OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. OCGA § 5-6-48 provides that the trial court may, after notice and hearing, order an appeal dis-

missed for a party's failure to timely file a transcript if the delay was 1) unreasonable, 2) inexcusable, and 3) caused by such party." *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576). A delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable; however, this inference "is not conclusive and may be rebutted by evidence presented by an opposing party." *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814). Determination of relevant factual issues rests in the sound discretion of the trial court. Id.; see *Gilman Paper Co. v. James*, 235 Ga. 348 (219 SE2d 447). Thus, the cause of delay in the processing of an appeal is a fact issue for trial court determination and, in making that determination, the trial court exercises a broad legal discretion subject to appellate review only for abuse. *Beavers v. Gilstrap*, 210 Ga. App. 46, 47 (1) (435 SE2d 267); see *Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (a), (b) (415 SE2d 908). Since the time requirements of OCGA § 5-6-42 are not jurisdictional, " 'the demand for punctuality should not be so strict as to defeat the very purpose of the requirement by preventing an appeal altogether, unless the delay is unreasonable so as to affect the appeal itself.' " *Sellers*, supra at 207 (1) (b). Delay, however, may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; *or*, (b) causing the appeal to be stale (see, e.g., *Cousins Mtg. &c. v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516)), such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court. See *Sellers*, supra at 207 (1) (b).

There exists a plethora of evidence to support the trial court's finding that unreasonable delay has occurred. Compare *Burton v. Hamilton*, 204 Ga. App. 18 (418 SE2d 398). However, this case and the main and cross-appeal thereto must be remanded for finding of the trial court as to whether the delay was excusable and caused by the Jacksons. Compare *Beavers*, supra. To address adequately the issue of staleness of appeal in these cases, the trial court should enter findings of fact as to when the record was completed, when the Jacksons were billed for the record, when they paid for the record, whether delay in ordering or preparation of the transcript contributed to any delay in the completion of the record, and how many days elapsed after the record was available for transmittal to this court before the transcript likewise was available. Further affirmative findings should be made as to the dates when the Jacksons ordered and paid for the trial transcript and whether any conduct of Beech's counsel reasonably would excuse any unreasonable delay if caused by the Jacksons regarding the ordering and providing of the trial transcript. See generally *Sellers*, supra.

The clerk of this court will remove these appeals from the appellate docket and remand them to the Superior Court of Whitfield County together with a copy of this opinion. After the trial court has complied with the remand directions of this court, the parties may, within 30 days of the trial court's ruling, petition the trial court to retransmit their appeals expeditiously to this court for appellate redocketing. Ga. Const. 1983, Art. VI, Sec. I, Par. IV.

*Appeals remanded with direction. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 9, 1994.

*Bates, Kelehear, Starr & Toland, J. Raymond Bates, Jr., James Toland, Jr., Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr.,* for appellants.

*Gray, Gilliland & Gold, T. Cullen Gilliland, Hugh B. McNatt,* for appellee.