A95A0343. JACKSON et al. v. BEECH AIRCRAFT CORPORATION.
A95A0344, A95A0345. BEECH AIRCRAFT CORPORATION
v. JACKSON et al. (two cases).
(458 SE2d 377)

Birdsong, Presiding Judge.

This litigation arises from an aircraft accident; the pilot Dr. Joseph Jackson and his son were injured in the crash. Dr. Jackson, his wife, and son brought suit against Beech Aircraft Corporation (Beech Aircraft), the manufacturer of the plane, alleging defects in the aircraft. The jury returned a verdict in favor of defendant Beech Aircraft. The Jacksons appeal this judgment, and Beech Aircraft cross-appeals; Beech Aircraft also appeals the denial of its motion to dismiss the Jacksons' appeal on grounds of delay in the filing of the transcript. The Jacksons' notice of appeal was filed timely on November 12, 1992.

In *Jackson v. Beech Aircraft Corp.,* 213 Ga. App. 172 (444 SE2d 359), this court examined appellee's motion to dismiss the appeal in light of the unreasonable delay found to exist, and remanded the case to the trial court with direction to enter certain specific findings. The trial court conducted a hearing and, after entering certain additional findings, denied Beech Aircraft's motion to dismiss and granted the parties' motions to reinstate their appeals. *Held:*

*Case No. A95A0345 (Denial of Motion to Dismiss Appeal)*

1. The opinion of this court in *Jackson,* supra, was not appealed by either party; accordingly, the holdings therein were binding on the trial court (Ga. Const. of 1983, Art. VI, Sec. V, Par. III; see *Moore v. American &c. Motor Corp.,* 211 Ga. App. 337, 340 (1) (439 SE2d 43)), including the holding that "[t]here exists a plethora of evidence to support the trial court's finding that unreasonable delay has occurred." *Jackson,* supra at 173. The three criteria for dismissal of an appeal for failure to file timely a transcript are explained in *Baker v. Southern R. Co.,* 260 Ga. 115 (390 SE2d 576); we will review this enumeration in light of the precedent of *Baker.*

In doing so, we recognize that in making its factual determinations, a trial court "exercises a broad legal discretion which is subject to appellate scrutiny only for abuse." *Miller v. Ingles Market*, 214 Ga. App. 817, 818 (449 SE2d 166). Compare *Leonard v. Ognio*, 201 Ga. App. 260 (410 SE2d 814) (reversing trial court's denial of motion to dismiss appeal on grounds of abuse of discretion).

2. OCGA § 5-6-42 provides for filing of a transcript within 30 days after notice of appeal is filed unless filing time is extended as provided by OCGA § 5-6-48. As we previously concluded (*Jackson*, supra), unreasonable delay occurred in the filing of the trial transcript in this case.

However, on remand the trial court entered an order denying Beech Aircraft's motion to dismiss. In support of that ruling, the trial court affirmatively made the following 13 findings of fact seriatim: (1) record preparation was completed February 2, 1994; (2) plaintiffs Jacksons were billed for record preparation on April 28, 1993; (3) plaintiffs Jacksons paid the clerk's cost bill on or about April 29, 1993; (4) the superior court clerk's office did not begin record preparation until after completion and delivery of the trial transcript to the clerk; (5) delay in ordering the transcript caused delay in delivering the record to the Court of Appeals; (6) the record was prepared within 12 working days after delivery of the transcript on January 14, 1994; (7) no unreasonable delay would have occurred had the transcript been timely filed; (8) plaintiffs Jacksons formally ordered a transcript in April 1993; (9) plaintiffs Jacksons made the deposit in April 1993 for the transcript required by the reporters; (10) there was an unreasonable delay in filing the transcript and preparation of the record; (11) the cause of delay in filing the record was the failure of plaintiffs Jacksons to order the transcript in a timely manner; (12) plaintiffs Jacksons' counsel were reasonable in their belief that the transcript had been ordered and was being or would be prepared in a timely fashion; and (13) the delay in preparation of the transcript and filing of the record with the Court of Appeals was excusable and therefore did not constitute unexcusable neglect. We find the record supports the trial court's findings nos. 1-11; however, for reasons hereinafter discussed, the latter two findings, nos. 12 and 13, are not supported by the record. As we conclude transcript preparation delay was unreasonable and caused by plaintiffs Jacksons, and that any delay in preparation of the trial record was caused by the plaintiffs' failure to order the transcript in a timely manner, the remaining issue is whether the trial court, under these unique circumstances, abused its discretion in finding that this protracted delay was excusable.

To support dismissal of an appeal for failure to file a transcript timely, OCGA § 5-6-48 (b) requires that the unreasonable delay caused by the appealing party must also constitute an "inexcusable"

delay. With certain exceptions not here applicable, "[i]n all interpretations of statutes, the ordinary signification shall be applied to all words. . . ." OCGA § 1-3-1 (b). The ordinary signification applied to the word "inexcusable" is that the conduct by act or omission was "not excusable; incapable of being justified." Webster's Encyclopedic Unabridged Dictionary of the English Language (1989). Plaintiffs Jacksons argued and the trial court found they had harbored a good faith belief that the transcript had been timely ordered. While good faith is a factor in determining whether conduct is inexcusable or excusable, it is but one factor to be considered; existence of good faith does not automatically render an unreasonable delay excusable. Whether conduct is incapable of being justified and thus inexcusable must be determined by examining the totality of the circumstances of a given appeal. Among the factors which should be considered is the existence of negligence on the part of the appealing party causing unreasonable delay, whether such delay reasonably should have been detected and timely corrected, and whether any such negligence was so severe as to prejudice the opposing party *or* to cause the appeal to become *stale*, within the meaning of *Jackson*, supra, and *Cousins Mtg. &c. v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516).

Judgment was entered in favor of defendant Beech Aircraft on August 31, 1992. The Jacksons filed a motion for new trial. A few days prior to the hearing on the motion for new trial, Beech Aircraft sent a letter to the court reporters saying the defense would need a full transcript of the proceedings; however, the Jacksons' lead counsel testified that he was unaware of this letter before the hearing, and at the hearing he learned that Beech Aircraft had ordered a trial transcript for the "purpose" of responding to the Jacksons' supplemental brief and amended motion for new trial. Beech Aircraft also filed a motion for continuance in order to obtain the transcript for use in opposition to the motion for new trial; motion for continuance was denied. Motion for new trial hearing was held on October 9, 1992. At the hearing, counsel for Beech Aircraft stated that he had asked for the transcript to be produced; counsel for the Jacksons argued that production of the trial transcript was not necessary for a ruling by the trial court on the motion. At the end of the hearing, counsel for the Jacksons made a motion that the defense be required to provide them with a copy of the trial transcript at Beech Aircraft's expense. The trial court denied the motion to compel the defense to provide a copy of the record in open court at the hearing. Although the Jacksons' local and lead counsel stated that after the new trial motion hearing they were under the impression the transcript had been ordered, the denial of the motion to compel defendants to provide a transcript to plaintiffs placed the Jacksons on reasonable notice they would have to make their own timely arrangements with the court reporter to order

and obtain a copy of the trial transcript. Moreover, any implication of confusion among the Jacksons' counsel, as to which of them was responsible for procuring the transcript for appeal, would not serve as justification for the filing in this court of an untimely appeal (compare *Dept. of Human Resources v. Patillo*, 196 Ga. App. 778 (397 SE2d 47) and *In re G. W. H.*, 168 Ga. App. 845 (310 SE2d 573)). Further, although the Jacksons' lead counsel testified that following the motion for new trial hearing he expected the transcript to be furnished in installments and invoices sent therewith, the record unequivocally establishes that the court reporter was never contacted as the months went by and as repeated extensions of transcript filing time were sought and granted without the receipt by the Jacksons' counsel of any transcript installments whatsoever. The failure to contact the court reporter is even more flagrant if the Jacksons' counsel actually expected the transcript to be provided in installments; an installment should be completed and delivered much sooner than a complete transcript, and failure to inquire as to the lack of such receipt is even more egregious and unjustifiable under these circumstances. In this regard, the Jacksons' lead counsel conceded on the record, "I would admit to the court that maybe we could have done some additional things to follow up on this; maybe we should have anticipated that something was going wrong. We did note the record was taking a long period of time to prepare. We had corresponded with the clerk of the court about the specifics of the record and we just *assumed*, because of the business of the court and the business of the court reporter that the transcript was also taking quite a period of time." (Emphasis supplied.) At no time did the Jacksons' lead counsel contact Beech Aircraft's counsel to inquire whether the transcript was still on order following denial of the new trial motion.

On October 12, 1992, motion for new trial was denied, and on October 15, 1992, Beech Aircraft's counsel sent a letter to the court reporter cancelling their order of the trial transcript. The court reporter, having no duty to do so, did not inform the Jacksons of this letter; the burden to keep accurately informed of the status of transcript preparation remains with the party having the responsibility to file the transcript and it cannot be shifted to the court reporter (cf. *Dunbar v. Green*, 232 Ga. 188 (205 SE2d 854); *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273, 274 (441 SE2d 684)).

The Jacksons filed a timely notice of appeal on November 12, 1992. Shortly before or after November 5, 1992, a non-lawyer assistant from the office of the Jacksons' lead counsel contacted the court reporter inquiring as to what the process was for ordering the transcript. The court reporter informed the assistant that she would have to find out "the amount [all the court reporters] would require to *begin* the transcript." (Emphasis supplied.) A few days thereafter, the

court reporter called the assistant and informed him of the deposit amount required "in order to *begin* the case" transcription. (Emphasis supplied.) We impute to the Jacksons the knowledge which was gained by the agent of their lead counsel. Shortly thereafter, local counsel for the Jacksons also contacted the court reporter who informed him that the assistant for lead counsel had been provided with the information regarding costs for commencing transcript preparation. It is unrefuted that local counsel informed the court reporter that he would get in touch with the assistant. Moreover, during a subsequent hearing on the motion to dismiss, the Jacksons' local counsel made an admission in judicio in open court of the fact that when he called the court reporter to order the transcript, "she would not accept my *order* because she had to figure out how much it would be" (see generally *Lingerfelt v. State*, 255 Ga. 180, 181 (3) (336 SE2d 250); *Lamb v. Decatur Fed. &c.*, 201 Ga. App. 583, 588 (411 SE2d 527)); local counsel never made another application for the transcript with the reporter until his letter written in late April 1993. (Emphasis supplied.) Moreover, the fact that local counsel attempted to order the transcript in November 1992 belies plaintiffs Jacksons' argument that they were relying entirely on a good faith belief that defendant Beech Aircraft had ordered the transcript. Local counsel also stated in open court that he would not "dispute" the essence of the court reporter's testimony that regarding the transcript he had indicated, " 'we'll get back to you.' " The record establishes that the court reporter was not contacted in the interim by any of the Jacksons' counsel or their agents and did not receive a check to commence transcript preparation until April 29, 1993. We recognize that the procedure which the Jacksons' agents were informed must be used to obtain commencement of record preparation differed from the procedure used during trial to obtain preparation of depositions or portions of the transcript; during trial, transcript portions were apparently ordered and the attorneys billed after preparation. However, it also is unrefuted that until on or about April 29, 1993, none of plaintiffs' counsel or their authorized agents ordered an official trial transcript from the court reporters. At no time did the court reporter have a duty to inform any party to the trial that the transcript had not been officially ordered or that it was not being prepared. The statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party — in this instance, the Jacksons. It would create an unacceptable and impractical burden on the court reporter's office to require them to contact attorneys or parties and report on the status of all ordered transcripts or to contact attorneys inquiring whether a transcript was being ordered; we decline to

take this opportunity to create such an oppressive administrative requirement.

In January 1993, a hearing on a motion by defendant Beech Aircraft for correction and certification of the record on appeal was filed during which the Jacksons were put on notice by Beech Aircraft's counsel that the transcript might not be ordered. At this hearing, Beech Aircraft's counsel expressly stated on the record that "I do not believe the transcript has yet been prepared, *don't know whether it's even ordered.*" (Emphasis supplied.) Once again, plaintiffs Jacksons were placed on reasonable notice of an immediate need to inquire directly of the court reporter whether the trial transcript had been ordered, and once again they failed to exercise reasonable diligence in making such an appropriate inquiry. The Jacksons' New York counsel stated that in February 1993 he had a very brief conversation with counsel for Beech Aircraft and was informed that apparently the transcript had "recently been ordered," but he was not told that it had been ordered by anyone at the defense table. Whatever impact this statement may have had, if any, it would not justify, that is excuse, the unreasonable delay occurring before that time, or negate the in-court notice the Jacksons received in January 1993 that Beech Aircraft was not certain that the transcript had then been ordered.

On or about April 23, 1993, the Jacksons' counsel finally contacted the reporter and discovered the transcript had not been ordered. Nevertheless, on April 28, 1993, a hearing was held during which the Jacksons' counsel admitted on the record that the transcript still had not yet been ordered by them. Finally, on April 29, 1993, the Jacksons paid a deposit on the transcript and record; it was not until this approximate date that a formal request was made by the Jacksons that the trial transcript be prepared maugre the prior on-the-record notice they received at the January hearing that the transcript might not have been timely ordered by anyone. The trial transcript was finally delivered on January 14, 1994, to the office of the clerk of court of the superior court; the record was prepared on February 2, 1994, after the clerk of court received the transcript. The record and transcript were delivered to this court by the local sheriff on February 8, 1994.

The record reveals the following pertinent series of extensions for transcript filing sought by the Jacksons and granted by the trial court: (a) 90-day extension requested for preparation and filing of transcript granted on November 12, 1992; (b) 60-day extension granted after being requested on February 12, 1993, on the grounds, inter alia, that "the transcript has not yet been completed by the court reporter"; (c) 15-day extension requested on grounds the transcript was not yet completed by court reporter and granted on April 15, 1993; and (d) request on April 22, 1993, for an indefinite

extension of time within which the transcript and record might be prepared and submitted. At no time after mid-November 1992 and until April 1993 when the Jacksons discovered the transcript had not been ordered did any of their counsel write to or otherwise communicate with the court reporter to determine the status of the transcript, this occurring notwithstanding the repeated requests for extensions of filing time made by them and granted by the trial court. On occasion of each critical time extension, as reflected by the trial court's orders, the Jacksons caused the trial court to conclude that such extensions were necessary for transcript preparation and filing; yet, at no time had the Jacksons directly communicated with the court reporter to obtain an accurate report of transcript preparation status. Had such communication been diligently accomplished, as reasonably should have been done, the fact the transcript had not been ordered would have been readily detected and timely corrected. To repeatedly request extensions over a period of months without making a diligent inquiry as to the transcription status with the court reporter constitutes additional evidence of a lack of reasonable justification, under the circumstances of this particular case. Compare *Patillo*, supra (four-month failure to make any effort to secure transcript; appellant's counsel telephoned court reporter requesting transcript preparation and took no further action to assure it was prepared and filed until after filing time expired). Under the totality of the circumstances, the acts and omissions of the Jacksons regarding this matter were so severe as to cause a substantial delay in the ultimate docketing of these appeals and to render them stale within the meaning of *Jackson*, supra, and *Cousins*, supra. The trial court abused its discretion in finding that the unreasonable delay in this case, which had been caused by the Jacksons, was excusable; applying standards of *Baker*, supra, we find the unreasonable delay caused by the Jacksons was without reasonable justification and was inexcusable.

### Case Nos. A95A0343 and A95A0344

In view of the holding above, these related appeals are also dismissed.

*Judgment reversed in Case No. A95A0345. Appeals dismissed in Case Nos. A95A0343 and A95A0344. Andrews and Smith, JJ., concur. Johnson, J., not participating.*

DECIDED MAY 31, 1995 — 

*Bates, Kelehear, Starr & Toland, James E. Toland, Jr., J. Ray-*

*mond Bates, Jr., Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr.,* for the Jacksons.

*Gray, Gilliland & Gold, T. Cullen Gilliland,* for Beech Aircraft Corp.