A97A0996. BOVELAND v. YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER ATLANTA, INC.
(489 SE2d 35)

POPE, Presiding Judge.

On November 10, 1994, the trial court issued an order evicting defendant Boveland from a building owned by plaintiff Young Women's Christian Association of Greater Atlanta, Inc. On November 22, 1994, defendant still had not vacated the premises, and following a hearing, the trial court issued another order holding defendant in contempt. Defendant timely filed notices of appeal from both orders, requesting in each that "the entire record, including all transcripts" be transmitted to the appellate court. In September 1996, these appeals still had not been docketed because one of the transcripts was missing, and the trial court granted plaintiff's motion to dismiss the appeals. The trial court also concluded that Boveland's defense to the ejectment based on adverse possession was frivolous and awarded plaintiff $14,965 in attorney fees under OCGA § 9-15-14.

1. The trial court did not abuse its discretion in dismissing defendant's appeals. A trial court may dismiss an appeal if there has been an unreasonable delay in filing a transcript, and the delay was inexcusable and caused by the appealing party. OCGA § 5-6-48 (c). Although not all delays are unreasonable, see *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20 (1) (363 SE2d 265) (1987), a delay of almost two years[1] clearly is, particularly since the pending appeals

---

[1] The transcript still had not been filed at the time of the hearing on the motion to dismiss in September 1996.

have clouded plaintiff's title and prevented it from being able to sell the property in question — which plaintiff has wanted to do since before defendant moved onto the property without permission in October 1993. Nor did the court err in concluding the delay was inexcusable and caused by defendant. As defendant designated "all transcripts" for inclusion in the record, it was his responsibility to ensure all transcripts were prepared and filed. See *Burton v. Hamilton*, 204 Ga. App. 18, 19 (418 SE2d 398) (1992). Yet the court reporter testified by affidavit that as of December 20, 1995, defendant still had not instructed her to prepare the transcript of the contempt hearing or given her a deposit.

Defendant argues that even if the appeal from the contempt order was properly dismissed, the appeal of the ejectment order was not; since the transcript of the contempt hearing was not necessary for that appeal, he reasons, the clerk's delay in transmitting the record for that appeal was not his fault. But in defendant's notice of appeal he designated that "all transcripts" should be included in the record for both appeals, and it is not up to the clerk to go beyond the designation and determine which transcripts are necessary. Cf. *Teston v. Mills*, 203 Ga. App. 20 (416 SE2d 133) (1992) (trial court properly found delay was caused by the appellant where he designated the transcript to be included as part of the record even though there was no transcript). And though defendant's counsel stated in his place that he told the clerk to go ahead and transmit the record for the appeal of the ejectment order without the missing transcript, he never formally amended his designation of record or notified plaintiff, nor did he follow up on the matter as the months passed and the appeal still remained undocketed. Accordingly, dismissal of both appeals was not an abuse of discretion. See *Crocker v. Stevens*, 210 Ga. App. 231, 240 (10) (435 SE2d 690) (1993); *Burton*, 204 Ga. App. at 19-20.

2. Defendant also challenges the propriety of the award of attorney fees against him and his attorney. This issue is not properly before us, however, since an award of attorney fees under OCGA § 9-15-14 is subject to discretionary appeal procedures. See OCGA § 5-6-35 (a) (10). An exception to this rule is made if the attorney fee award is appealed as part of an appeal from the underlying judgment. This is necessary where the basis for the award (i.e., the argument which the lower court said was frivolous) is itself the subject of review, lest the appellate court reverse the lower court's decision on the "frivolous" argument on the merits, yet leave the award of attorney fees standing. See *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 526 (4) (a) (360 SE2d 566) (1987). But this exception does not apply here, because this appeal is from the dismissal of the prior appeal rather than from the underlying claim, and the basis for the award of attor-

ney fees — the frivolous nature of Boveland's adverse possession defense under the circumstances of this case — is not in issue.

3. Defendant's remaining enumerations of error are without merit.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 18, 1997 —
RECONSIDERATION DENIED JULY 11, 1997 —

*Michael B. King*, for appellant.
*Sutherland, Asbill & Brennan, John A. Chandler, Ann G. Fort*, for appellee.