A99A1260. BASS et al. v. MERCER et al.
A99A1261. HEALTHCARE MANAGEMENT CORPORATION
v. BASS et al.
A99A1262. EDGE et al. v. BASS et al.

(524 SE2d 260)

BARNES, Judge.

Case No. A99A1260 is before the Court from an order dismissing appellants' notice of appeal in a personal injury suit. Two cross appeals by the defendants in the personal injury suit (Case Nos. A99A1261 and A99A1262) are also pending and have been consolidated with this case. We affirm the trial court's dismissal of the appeal and therefore dismiss the subsequent cross appeals.

The parents of two minors sued several parties seeking compensation for injuries their daughters suffered in an automobile collision. Following a trial, the jury returned a verdict for both sets of parents, awarding in both cases medical expenses, but no damages for pain and suffering.

*Case No. A99A1260*

The plaintiffs-appellants timely filed their notice of appeal on May 5, 1997, and directed the clerk to include the trial transcript in the record to be sent to this Court. They then moved on November 19, 1997, for an extension of time to file the transcript on the ground that their attorney had "just become aware that the transcript of trial was not ordered on May [5], 1997, at the time the Notice of Appeal was filed nor in July when costs for the appeal record were forwarded" to the trial court.

The trial court granted the motion for an extension of time the same day it was filed, and one week later, the defendants opposed the motion and moved the court to dismiss the appeal. On January 9, 1998, the defendants moved to vacate and reconsider the order granting plaintiffs an extension of time to file the transcript, averring they first received notice of the court's order on December 23, 1997. They also moved again to dismiss the appeal on the ground that plaintiffs failed to order the transcript until more than 190 days after their notice of appeal was filed and therefore delayed the transmission of the record to this Court. Finally, the defendants submitted affidavits from the court reporter confirming that the trial transcript was not ordered until November 13, 1997, and from the clerk of court confirming that the record was ready, but could not be transmitted because she had not received the transcript. The transcript was finally filed with the clerk of court on February 19, 1998.

After a hearing in March 1998, the trial court granted the defendants' motion to vacate, explaining that it had erroneously

believed the motion for an extension of time to file the transcript was unopposed and timely. Given that the defendants filed timely responses opposing the extension, the trial court concluded that its November 19, 1997 order granting the extension was premature. The trial court then considered whether to grant plaintiffs' motion for an extension of time and concluded that under OCGA § 5-6-39 (d), any application for an extension had to be made "before expiration of the period for filing as originally prescribed." Since the plaintiffs sought their first extension more than 190 days after the notice of appeal was filed, far past the 30-day deadline set out in OCGA § 5-6-42, the trial court denied their motion.

"The failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal." *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). Therefore, the trial court then considered whether the appeal should be dismissed under OCGA § 5-6-48 (c), under which a trial court may dismiss an appeal because the delay was caused by the appellants, was unreasonable, and was inexcusable.

First, the trial court considered the court clerk's affidavit stating the record was ready for submission to this Court except for the trial transcript. Because the appellants failed to order the transcript in a timely manner, the trial court found they delayed the record's transmittal.

The court then found the transcript filing delay of more than six months was unreasonable, noting that we have found filing delays of ninety days and one hundred fifty days inexcusable. *Crocker v. Stevens*, 210 Ga. App. 231, 239-241 (10) (435 SE2d 690) (1993); *Burton v. Hamilton*, 204 Ga. App. 18, 19 (418 SE2d 398) (1992).

Finally, the court concluded that the delay was inexcusable. The only excuse appellants' counsel gave for failing to order the transcript was that he thought, in good faith, it had already been ordered. Citing *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 500 (2) (458 SE2d 377) (1995), the trial court noted that

> [w]hile good faith is a factor in determining whether conduct is inexcusable or excusable, it is but one factor to be considered; existence of good faith does not automatically render an unreasonable delay excusable. Whether conduct is incapable of being justified and thus inexcusable must be determined by examining the totality of the circumstances of a given appeal. Among the factors which should be considered is the existence of negligence on the part of the appealing party causing unreasonable delay, whether such delay reasonably should have been detected and timely corrected, and

whether any such negligence was so severe as to prejudice the opposing party *or* to cause the appeal to become *stale. . . .*

(Citations omitted; emphasis in original.) Considering the totality of the circumstances, the trial court concluded that the delay of several months caused by appellants' negligence allowed the appeal to become stale.

We review a trial court's dismissal of an appeal for abuse of discretion. *Durden v. Griffin*, 270 Ga. 293, 294 (1) (509 SE2d 54) (1998). The Supreme Court of Georgia has upheld such a dismissal when the appellant ordered the transcript only four days after the statutory time expired. Id. We conclude the trial court did not abuse its discretion in dismissing the appeal.

### Case Nos. A99A1261, A99A1262

In view of the holding above, the related cross appeals are dismissed.

*Judgment affirmed in Case No. A99A1260. Appeals dismissed in Case Nos. A99A1261 and A99A1262. Blackburn, P. J., and Ellington, J., concur specially.*

BLACKBURN, Presiding Judge, concurring specially.

I concur only in the judgment of the majority, not the analysis. I write separately to discuss the reasons why the trial court appropriately dismissed the appellants' case for their failure to file a transcript.

Unless an extension of time is properly requested, a transcript must be filed within 30 days of the notice of appeal in a case. OCGA § 5-6-42. "The trial court may, after notice and hearing, order an appeal dismissed for a party's failure to file a transcript on time only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such party. OCGA § 5-6-48." *Dalton v. Vo*, 224 Ga. App. 382 (480 SE2d 377) (1997).

In this case, it is clear that the appellants are responsible for the omission of the transcript because they failed to request its filing in a timely manner. Likewise, as discussed by the majority, the appellants' six-month failure to request the transcript is inexcusable, especially since they were told that the record could not be transferred to this Court without it. The only remaining question is whether the appellants' six-month delay in requesting a transcript was unreasonable.

The threshold question of whether a delay in filing a transcript is *unreasonable* is a separate matter from the

issue of whether such a delay is inexcusable, and refers principally to the length and effect of the delay rather than the cause of the delay. . . . In *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172 [(444 SE2d 359), this Court] said that an unreasonable delay may be defined as a delay which may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale (see, e.g., *Cousins Mtg. &c. v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516)), such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.

(Punctuation omitted.) *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996).

In this case, the appellants inexcusably failed to take any action regarding the filing of a transcript for over 190 days after the filing of their notice of appeal. There is no doubt that this mismanagement of this appeal prevented its placement on the earliest possible appellate court calendar and delayed both its docketing and hearing. Therefore, this appeal should be considered stale, and the trial court correctly dismissed it.

The special concurrence by Judge Ellington contends that in dismissing appeals the primary focus should be on a determination of prejudice rather than delay and, as such, a six-month delay should not presumptively render modern litigation stale. While this position may be appropriate at the trial level, it is not at the appellate level where prejudice must be presumed. This is so because there has been an adjudication on the merits which is presumptively correct, and justice delayed is justice denied.

At the point that a notice of appeal has been filed, the litigation has reached a discrete stopping point at which a trial court has made some decision and a transcript can be drawn up reflecting the matter's development. At that point, to prevent inequitable delays, a notice of appeal must be filed within 30 days, OCGA § 5-6-37, and a transcript must be filed 30 days thereafter, OCGA § 5-6-42. The reason for these deadlines is to prevent staleness and ensure that matters can be heard by this Court as quickly as possible. At this point, the law presumes that justice has been done. The party disputing this fact has a heavy burden which must be timely met. Justice delayed is justice denied. As the overwhelming majority of cases which are appealed are affirmed, it is important that the correct rulings of the trial court be affirmed as quickly as is reasonable. To that

end, a framework, of which OCGA § 5-6-48 (c) and the concept of staleness are integral parts, has been developed which not only facilitates, but mandates the timely filing of materials for our consideration. To preserve this Court's judicial function, this framework must be strongly enforced, whether the litigation below has lasted for days or years.

If this were not the case, justice would be inappropriately denied. Also, this Court's ability to follow the two-term rule could be unduly compromised. If the trial court has ruled properly, an appellee should not be held in an appellate limbo in which its rights cannot be enforced. On the other hand, if an incorrect decision has been made, an appellant should receive relief therefrom post haste. To ensure this equitable result, the procedural process, including time limitations, must be followed. Otherwise, legal rights obtained at trial are unenforceable, and the system is frustrated.

ELLINGTON, Judge, concurring specially.

Given existing precedent, I must concur in the judgment of the majority. However, I write separately to note my concern about the way the "unreasonable delay" element of OCGA § 5-6-48 (c) has been treated over the years. In reaching a decision about whether the delay in filing a transcript is unreasonable, the trial and appellate courts have more often than not focused their inquiry on how many days or months a transcript is tardy. See, e.g., *Wagner v. Howell*, 257 Ga. 801 (363 SE2d 759) (1988); *Fuller v. Mayor &c. of Savannah*, 193 Ga. App. 716 (389 SE2d 7) (1989); *Burton v. Hamilton*, 204 Ga. App. 18 (418 SE2d 398) (1992). While certainly the length of the delay is an important consideration, whether the delay prejudiced the opposing party or caused the appeal to become stale should be determinative of whether the delay was unreasonable. See *Sellers v. Nodvin*, 262 Ga. 205-207 (1) (a), (b) (415 SE2d 908) (1992); *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994). After all, "[i]t is the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of law." (Punctuation omitted.) *Johnson v. Daniel*, 135 Ga. App. 926, 927 (1) (219 SE2d 579) (1975); *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (1) (363 SE2d 265) (1987). Keeping the inquiry focused on a finding of prejudice rather than the length of the delay would be more consistent with this policy.

In this case, appellants filed their transcript more than six months late. Both the majority and the trial court concluded, without explanation, that the delay rendered the appeal "stale." I am not convinced that a six-month delay always presumptively renders an appeal stale. Rather, in each case the length of delay should be con-

sidered against the totality of circumstances unique to that case, and the decision to dismiss the appeal should be supported by a finding of resulting inequity. Courts are perfectly capable of determining when or if a party has been prejudiced or if an injustice would result from a delay. Because a party's significant appellate rights are subject to being lost due to the application of this technical, non-jurisdictional rule, the courts should scrutinize whether and explain how the opposing party was prejudiced before concluding the delay was unreasonable.

DECIDED OCTOBER 28, 1999.

*Salter, Shook & Craig, Mitchell M. Shook, Jason A. Craig*, for Bass et al.

*Weissman, Nowack, Curry & Wilco, William C. Thompson*, for Healthcare Management Corporation and Mercer et al.

*Jones & Smith, Julian B. Smith, Jr., Arrington & Hollowell, Mark W. Wortham*, for Edge et al.