A99A2346, A99A2347. CROWN DIAMOND COMPANY v. N. Y. DIAMOND CORPORATION (two cases).
(530 SE2d 800)

BARNES, Judge.

These appeals challenge the trial court's dismissal of Crown Diamond Company's ("Crown") appeal of a judgment in favor of N. Y. Diamond Corporation ("N. Y. Diamond"). In Case No. A99A2346, Crown appeals from the trial court's order, filed December 18, 1998, dismissing Crown's appeal of the judgment in favor of N. Y. Diamond and also authorizing the clerk to release a posted bond. Crown filed its notice of appeal from this order on December 23, 1998.

On January 28, 1999, the trial court issued another order also dismissing this same appeal, but this time directing that the bond would not be released pending disposition of Crown's extraordinary motion for new trial. Crown filed a notice of appeal from this order on February 10, 1999, and upon docketing in this court, the appeal was assigned Case No. A99A2347.[1]

Even though the notices of appeal in both cases are from the trial court's orders dismissing the same appeal, they were forwarded to this court as two separate cases. Because both cases concern the dismissal of the same appeal and the parties have filed combined briefs and enumeration of error for both cases, we will consolidate them for disposition.

Crown contends the trial court erred by dismissing its appeal

---

[1] No issue concerning the bond is asserted in either appeal.

because the delay in filing a transcript of the April 16 hearing was neither unreasonable nor inexcusable. For the reasons stated below, we disagree.

The dismissed appeal concerns a judgment in favor of N. Y. Diamond that was entered on April 29, 1998. Crown filed its notice of appeal from that judgment on May 8, 1998. In addition to identifying the judgment appealed from and the jurisdictional basis for bringing the appeal to this court, the notice of appeal directed the clerk to omit nothing from the record on appeal and stated that a "[t]ranscript of evidence and proceedings will be filed for inclusion in the record on appeal." Crown, however, did nothing to arrange for the preparation of the transcript of a hearing that was held on April 16, 1998.

In August 1998, Crown's attorney became concerned about the status of the record and instructed a paralegal to call the Fulton State Court appeals clerk to check on it. According to the paralegal, the appeals clerk told her they were still compiling the record. In September, the lawyer again asked his paralegal to contact the clerk's office about the record on appeal, and she was informed that the clerk's office had everything needed to prepare the record for transmittal to the Court of Appeals and that the delay resulted solely from a lack of staffing in the clerk's office.

Crown's counsel states that on November 30, 1998, he learned for the first time that the reason for the delay in transmitting the record to the Court of Appeals was his failure to order a transcript of the April 16, 1998 hearing. The next day, he "requested that the court reporter prepare and file a transcript from that hearing," and he paid the costs of the transcript.

On December 10, 1998, N. Y. Diamond filed a motion to dismiss the appeal because of Crown's inexcusable and unreasonable delay in filing the transcript. The transcript was finally filed that same day. After Crown responded to the motion, the trial court held a hearing. At the conclusion of the hearing, the court found the delay was caused by Crown's unreasonable and inexcusable delay in filing the transcript of the proceedings and granted N. Y. Diamond's motion to dismiss the appeal. A written order dismissing the appeal was filed December 18, 1998.

### Case No. A99A2346

1. A trial court is authorized to dismiss an appeal for failure to file the transcript when the delay caused by the failure was unreasonable, the unreasonable delay was inexcusable, and it was caused by the party responsible for filing the transcript. OCGA § 5-6-48 (c); *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). "In reviewing a finding of unreasonable and inexcusable delay in filing a

transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (Citations and punctuation omitted.) *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991). Further, trial courts have very broad discretion when deciding whether to dismiss an appeal for delay. *Kleber v. Cobb County*, 212 Ga. App. 441, 442 (2) (442 SE2d 296) (1994).

2. Under our law, a party filing a notice of appeal must "state whether or not any transcript of evidence [or] proceedings is to be transmitted as a part of the record on appeal." OCGA § 5-6-37. When a transcript is to become part of the record on appeal, the appellant must have the transcript prepared at its expense and have it filed to be part of the record on appeal within 30 days after the notice of appeal was filed. OCGA §§ 5-6-41 (c); 5-6-42. If the transcript cannot be filed within 30 days, the appellant must request an extension of time under the procedures stated in OCGA § 5-6-39 to file the transcript. OCGA § 5-6-42. An appellant, however, is responsible for preparing and filing only the transcript, not the record. *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983).

The clerk of court has the responsibility for preparing the record and, after the transcript is filed, transmitting the record on appeal, i.e., the record and transcript, to the appellate court. OCGA § 5-6-43 (a); *Long*, supra, 251 Ga. at 364. Appellants are not accountable for delays caused by clerks of court or court reporters after the transcript has been ordered properly (OCGA § 5-6-48 (f); *Wagner v. Howell*, 257 Ga. 801, 802 (363 SE2d 759) (1988)); appellants are held accountable only for delays that they cause. *Baker*, supra, 260 Ga. at 115.

While the failure of Crown's counsel and the clerk's office to differentiate between the record, the preparation and filing of the transcript of evidence and proceedings, and the record on appeal may have contributed to Crown's failure to discover its failure to order the transcript, this confusion did not delay filing the transcript. Because we will hold Crown responsible only for the actual delay in forwarding the record caused by its failure to file the transcript, this confusion is not significant in this case.

According to the appeals clerk, the record could have been transmitted to this court as early as October 19, 1998, but for Crown's failure to have the transcript prepared and filed by that date. Although nothing in the record on appeal shows when the record on appeal would have been forwarded to this court after the transcript was finally filed on December 10, 1998, our law requires that the record on appeal be forwarded to the appellate court within five days of filing the transcript. OCGA § 5-6-43 (a). Consequently, Crown's failure to file the transcript actually delayed the forwarding of the record for several months. We do know that by not having the transcript on file on October 19, 1998, when the record was ready, Crown delayed the

forwarding by over 50 days.

Crown did not explain whether for some reason it believed the transcript had been prepared and filed or whether Crown simply forgot that it had designated that a transcript of the evidence and proceedings would be included in the record on appeal. The record shows, however, that Crown's counsel "simply forgot to order the transcript" because the hearing "had nothing to do with the subjects on appeal."[2]

On appeal, Crown argues that the hearing was insignificant and minor. Whether it was necessary to make the transcript of this hearing part of the record on appeal, however, was Crown's decision. Nothing required Crown to make the transcript of this allegedly insignificant, minor hearing part of the record on appeal. Having elected to make the transcript part of the record on appeal, Crown was obligated to have the transcript prepared and filed or to file an amended notice of appeal changing its election. Crown did neither. It is not the clerk of court's responsibility to go beyond the designation and determine whether a transcript is necessary. *Boveland v. Young Women's Christian Assn. &c.*, 227 Ga. App. 241, 242 (1) (489 SE2d 35) (1997). It is too late now to argue that because the transcript of the hearing was not necessary, Crown's failure to order it in the first instance should be excused.

3. The trial court's initial determination is whether the delay was unreasonable. *Central of Ga. R. Co. v. DEC Assoc.*, 231 Ga. App. 787, 789 (501 SE2d 6) (1998). This question refers to the length and effect of the delay (*Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992)) and is a separate issue from whether the delay was inexcusable. *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996). A delay is unreasonable if it directly delays placement of the case on the earliest possible calendar in this court or delays the docketing of the appeal and the hearing of the case in this court. *Kendall v. Burke*, 237 Ga. App. 742, 743 (516 SE2d 791) (1999). The record in this case shows that Crown's failure to order the transcript in a timely manner did both. Thus, the trial court did not abuse its discretion by finding the delay unreasonable.

4. The next issue is whether the delay was inexcusable. "The ordinary signification applied to the word 'inexcusable' is that the conduct by act or omission was 'not excusable; incapable of being justified.' Webster's Encyclopedic Unabridged Dictionary of the English Language (1989)." *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 500 (2) (458 SE2d 377) (1995). Because Crown's only excuse for fail-

---

[2] Review of the hearing transcript shows the hearing concerned the trial court's final order in the case, including amounts that should be awarded.

ing to order the transcript was that its counsel forgot, the delay was inexcusable. Even though counsel may have forgotten that he did not order the transcript, he also forgot to check to see if the transcript could be filed within 30 days of filing the notice of appeal. Counsel also forgot to request an extension for filing the transcript and never once checked on the status of the transcript with the court reporter. Checking on the status of the *record* with the appeals clerk does not rectify this lack of diligence. The trial court did not abuse its discretion by finding the delay inexcusable. See *Burton v. Hamilton*, 204 Ga. App. 18, 19 (418 SE2d 398) (1992).

This is not a case in which the trial court based its findings merely upon the failure of the appellant to request an extension of time in which to file the transcript. See *Dalton v. Vo*, 224 Ga. App. 382 (480 SE2d 377) (1997). Instead, it is one in which Crown did nothing to cause the transcript to be prepared. See *Durden v. Griffin*, 270 Ga. 293, 294 (509 SE2d 54) (1998).

5. Therefore, under the totality of the circumstances, the trial court did not abuse its discretion by dismissing the appeal in Case No. A99A2346 based on its conclusion that Crown caused a substantial delay in the ultimate docketing of this appeal so as to render it stale. *Jackson*, supra, 217 Ga. App. at 504.

*Case No. A99A2347*

6. In view of our disposition of the issues in Case No. A99A2346, Case No. A99A2347, which concerns the same dismissal of the same underlying appeal, is moot.

*Judgment affirmed in Case No. A99A2346. Appeal dismissed in Case No. A99A2347. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2000.

*McGee & Oxford, Donald L. Cook, Mozley, Finlayson & Loggins, Wayne D. Taylor, Lawrence B. Domenico*, for appellant.
*Cornelison & Van Gelderen, Leon A. Van Gelderen*, for appellee.