## 71060. DENSON v. KLOACK.
### (339 SE2d 761)

CARLEY, Judge.

Appellee Kloack brought suit against appellant Betty J. Denson and her husband Theron A. "Joe" Denson. Appellee's complaint alleged a fraudulent conspiracy in connection with the sale of a grocery or convenience store which he purchased from the Densons in 1977. A jury returned a verdict in favor of appellee and against appellant and her husband, jointly. Appellant alone, now appeals.

1. Before addressing the merits of this appeal, we must first direct our attention to appellee's motion to dismiss. To resolve this issue, a brief recitation of the history of the case is necessary:

On March 4, 1982, the jury returned its joint verdict against appellant and her husband. Judgment was entered thereon the same day. Both appellant and her co-defendant husband had been represented by counsel at trial. Thereafter, Mr. Denson released his attorney and proceeded *pro se*. On March 31, 1982, Mr. Denson timely filed his motion for a new trial. On April 2, 1982, within 30 days of the entry of the judgment, appellant's notice of appeal was received by mail and filed by the clerk of the superior court. On September 29, 1982, appellant dismissed and withdrew her notice of appeal on the theory that, pending resolution of Mr. Denson's motion for new trial, it was premature. On February 25, 1983, the trial court denied Mr. Denson's motion for new trial. On March 17, 1983, within 30 days of the denial of Mr. Denson's motion for new trial, appellant refiled her notice of appeal. Appellant delayed filing the transcript of proceedings, due in part to the fact that she had earlier filed a bankruptcy petition and the U. S. Bankruptcy Court had issued its automatic stay of all legal proceedings in which appellant might be involved. That stay was lifted as of June 15, 1984, and the transcript was filed on April 12, 1985.

On these facts, appellee first urges that this appeal must be dismissed because appellant's notice of appeal was not finally filed until

more than a year after the entry of the trial court's judgment. However, under OCGA § 5-6-38, it is clear that appellant would have been relieved of the 30-day filing requirement had she herself previously filed a motion for a new trial. *Hughes v. Newell*, 152 Ga. App. 618 (263 SE2d 505) (1979). This court has also held that when a notice of appeal from a judgment is filed while a motion for new trial is pending, the notice of appeal is premature and of no validity. *Moody v. Moody*, 141 Ga. App. 185 (233 SE2d 385) (1977). See also *Housing Auth. of Atlanta v. Geter*, 252 Ga. 196 (312 SE2d 309) (1984). The question thus becomes whether the pendency of a co-defendant's motion for new trial has the same effect.

The rule in Georgia is that where, as here, two parties are sued as joint tortfeasors and a verdict is returned *against* both, the grant of a new trial as to one of them requires that both be included as parties in the new trial. *Kimbell v. DuBose*, 139 Ga. App. 224 (228 SE2d 205) (1976). Thus, in this case, had Mr. Denson's motion for new trial been granted, appellant would have been entitled to a new trial as well. Since appellant would have benefitted from the grant of a new trial to her co-defendant, and since the law allows a party to elect to file a motion for new trial or a notice of appeal *at his option*, we hold that appellant did not act improperly when she withdrew her initial notice of appeal and did not file another until after the disposition of her co-defendant's motion for new trial. This is especially true in light of our holdings in *Hughes* and *Moody*, supra. Appellant filed her notice of appeal within 30 days of the denial of her co-defendant's motion for new trial and it was therefore timely.

Appellee further contends, however, that even if appellant's appeal was timely filed, the motion to dismiss should be granted because of appellant's unreasonable delay in filing a transcript of the proceedings with the clerk of the superior court. The late filing of a transcript is no longer a ground for dismissal of appeals by the appellate courts. *Smith v. Smith*, 128 Ga. App. 29 (195 SE2d 269) (1973). Accordingly, the motion to dismiss is denied.

2. Appellant's first enumeration is that the trial court erred in failing to give the following charge to the jury: "I charge you ladies and gentlemen that the possession of a valid business license creates a presumption of ownership of the business by the person holding the business license." We know of no authority in Georgia, under either statutory or case law, which supports the principle contained in appellant's refused instruction. Appellant relies upon *Hall v. Simmons*, 50 Ga. App. 634 (179 SE 272) (1935), and *Knight Drug Co. v. Naismith*, 73 Ga. App. 793 (38 SE2d 87) (1946). However, neither case stands for the proposition that the mere possession of a business license creates in the holder a presumption of ownership of the licensed business. The trial court did not err in failing to give the requested

charge.

3. Appellant's second enumeration is that the trial court erred in failing to give requested corrective instructions in connection with the unsuccessful attempt by appellee to introduce evidence concerning an unrelated suit. However, appellant fails to cite us to any portion of the transcript where a request for such instructions was made. Our own thorough review of the record reveals no point at which appellant made a request for specific instructions. As a general proposition, the trial court is not required, on its own motion, to give any particular instruction with regard to its evidentiary rulings. See generally *Bennett v. Southern R. Co.*, 117 Ga. App. 414 (160 SE2d 677) (1968).

Appellant relies upon *Joiner v. Joiner*, 225 Ga. 699 (171 SE2d 297) (1969) as authority for holding that the trial court's failure specifically to instruct the jury that it must disregard the testimony denied her a fair trial. However, in *Joiner*, the Supreme Court noted that the final decision to exclude the offending testimony was made outside the jury's presence. In essence, then, the jury in *Joiner* heard the testimony and was never told that it could not consider it. However, although no corrective instruction was given in the case at bar, the jury was present in the courtroom and heard the trial judge rule out the challenged testimony. Therefore, the jury knew that it could not consider the evidence. Under these circumstances, we find no error.

4. In her final enumeration, appellant urges that the trial court erred in failing to grant her motion for a directed verdict. First, a review of the record does not disclose that such a motion was ever made. Secondly, even if such a motion were made, the record shows that there was sufficient evidence to support the jury's finding. The trial court did not err in failing to grant appellant's motion for a directed verdict.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1986.

*G. Alan Blackburn*, for appellant.
*Kyle Yancey*, for appellee.