A01A2362. ATLANTA ORTHOPEDIC SURGEONS et al. v. ADAMS.
(562 SE2d 818)

POPE, Presiding Judge.

Following a jury trial, David Adams appealed an adverse judgment but failed to pay for and obtain a trial transcript from the court reporter for many months. Although the court clerk possibly caused part of the delay, in all it took over three years and four months to get a transcript ready to forward to the Court of Appeals. We are asked to determine whether the trial court abused its discretion by denying three motions to dismiss the appeal for failure to obtain the transcript.

Dr. David Rouben and Atlanta Orthopedic Surgeons (hereinafter "Rouben") performed back surgery on Adams, and Adams subsequently brought suit for medical malpractice. A jury found for Rouben, and judgment was filed on June 24, 1997. On July 18, Adams filed a motion for new trial, and the court scheduled a hearing

for August 29. Two days prior to the hearing, Adams sought a continuance, which was granted, for a single time not to exceed ninety days so that the trial transcript could be prepared for use at the hearing. But Adams failed to pay the court reporter; consequently, the transcript was not prepared. The court denied Adams' motion for new trial on December 19, 1997.

On January 16, 1998, within 30 days of the court's order, Adams filed a notice of appeal. On January 30 the court reporter received a letter from Adams requesting that she prepare the transcript. Adams paid a $1,000 deposit at that time and was told that the transcript would not be available until July or August 1998. But Adams did not request that the court extend the 30-day period allowed to obtain the transcript. The clerk of court forwarded the record without the transcript to the Court of Appeals, and the case was docketed on April 8, 1998. However, it must be noted that the original notice of appeal did not indicate that a transcript of evidence and proceedings was to be transmitted as a part of the record on appeal as required by OCGA § 5-6-37. On April 28, apparently after learning that the case had been docketed without a transcript, Adams filed a motion in the Court of Appeals to remand the case to the trial court so the transcript could be completed. In the motion, Adams stated that he had "paid all or a portion of the costs of the preparation of the transcript." The Court of Appeals remanded the case on May 7, 1998.

On about January 4, 1999, almost eight months later, Adams called the court reporter to request the balance due on the transcript and was informed that the transcript would be completed within ten days of receipt of the balance of $1,880.55. On February 8, Adams advised the court reporter that he was having trouble obtaining the funds, but still intended to pay.

On February 26, 1999, Rouben moved to dismiss the appeal pursuant to OCGA § 5-6-48 (c) because Adams had still not obtained the transcript. In response, Adams alleged that he was impoverished and could not pay the balance. Adams stated that he had been "out of work due to a work related injury" and had used the funds set aside for the transcript for daily living expenses. On May 14, after a hearing on the motion to dismiss, the trial court found that (1) Adams was not indigent; (2) the balance was unpaid; (3) the delay in the preparation of the trial transcript was unreasonable; (4) the delay was inexcusable; and (5) Adams caused the delay. Despite these findings, the court granted Adams an additional 30 days, through June 14, 1999, to pay the amount due, or else the appeal would be dismissed. Prior to the deadline, the court reporter notified the court that Adams had paid the balance in full, and consequently, Rouben's motion to dismiss was denied.

On January 19, 2000, twenty months after the remand and

seven months after the first motion to dismiss was denied, Rouben filed a second motion to dismiss on the grounds that the trial transcript had still not been filed with the superior court clerk's office. A hearing was held on February 16, and neither Adams nor his counsel appeared. The trial court contacted Adams' attorney and was told that he had received notification of the hearing and that he had notified the superior court clerk that he was no longer Adams' counsel; however, he had not filed a motion to withdraw as counsel. Consequently, on February 21, 2000, the trial court dismissed Adams' appeal after again finding that Adams caused an unreasonable and inexcusable delay in obtaining the transcript.

However, on March 1, the trial court reversed its decision because it discovered that at some point, perhaps as early as June 1999, the court reporter had completed the record and transmitted it to the clerk of court, but that the clerk had no record of that event. Furthermore, the court noted that Adams contended he did not receive notice of the February 16, 2000 hearing. The trial court found that Adams had met his obligation to pay costs on June 11, 1999, and that any further delay was caused by the clerk's office. Therefore, although Adams caused the initial delay, he complied with the May 14, 1999 order requiring payment within 30 days, and, accordingly, the court vacated its dismissal of the appeal and denied Rouben's second motion to dismiss the appeal.

On March 5, 2001, over one year after the reversal, Rouben filed a motion to reconsider because the transcript had still not been filed with the clerk's office or transmitted to the Court of Appeals. On April 25, Adams' attorney finally moved to withdraw as counsel. The trial court granted the withdrawal on April 26. Then, on April 27, 2001, the trial court denied Rouben's motion for reconsideration and ordered the court reporter to file another copy of the trial transcript with the superior court clerk's office by May 2, 2001. The court reporter filed the copy on that day.

Rouben contends that the trial court abused its discretion by granting Adams an additional thirty days to pay the costs of the transcript in May 1999 because, by that time, 511 days had passed since Adams filed the notice of appeal and the court had made all three findings required by OCGA § 5-6-48 (c). Second, Rouben contends the trial court erred by wrongly placing the burden on the clerk of court relative to Adams' failure to ensure that the transcript was filed, when an additional nine months passed after Adams paid the balance but before the court denied the second motion to dismiss on March 1, 2000. Finally, Rouben contends the trial court abused its discretion by denying the motion for reconsideration because another thirteen months passed after Adams paid the balance, bringing the total delay to over three years and four months, yet the transcript

was still not filed with the clerk, and therefore the delay is so severe as to cause a substantial delay in the ultimate docketing of the appeal, thereby rendering it stale.

We find the final argument persuasive and reverse.

OCGA § 5-6-48 (c) provides that the trial court "may" order the appeal dismissed "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." The trial court has discretion in passing on these questions, but that discretion is subject to appellate review for abuse. *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 499 (1) (458 SE2d 377) (1995).

The above facts can be viewed in four phases: (1) almost four months between the initial appeal through the remand from this Court; (2) thirteen months between the remand and when Adams paid the balance due on the transcript; (3) almost nine months following the payment for which the trial court partially blamed the clerk of court for the delay; and (4) over thirteen months between the time that the court denied Rouben's second motion to dismiss and when a second copy of the transcript was finally filed with the clerk of court.

In phase 2, 13 months passed after the remand during which Adams failed to pay the balance due on the transcript. The trial court itself found all three elements required to dismiss the appeal: (1) the delay in preparation of the transcript was unreasonable; (2) the delay was inexcusable; and (3) Adams caused it. See OCGA § 5-6-48 (c). A review of the record easily supports these findings. Further, the court found that Adams' excuse for not paying, that he was indigent, was not true. Oddly, the court granted Adams 30 days more time and Adams finally paid the costs. Arguably, the trial court abused its discretion at this point. Over 500 days had passed between when Adams filed a notice of appeal and when he paid the balance due on the transcript, and the court made all the findings necessary to support dismissal.

In phase 3, based on the court reporter's statement that she had filed the transcript with the clerk of court, the court concluded that the additional delay after Adams paid the balance could not be attributed to Adams. We find this finding questionable because Adams had a duty to diligently inquire as to the transcript's status with the court reporter to make sure it had in fact been filed. *Jackson*, 217 Ga. App. at 504. The fact that nine months passed in phase 3 during which there is no evidence that Adams inquired of anyone about the transcript suggests that he shirked this duty.

But we base our decision on phase 4 and the overall delay caused in large part by Adams which cause the appeal to be stale. At the end of phase 3, all parties were painfully aware that the clerk of court did

not have a transcript. Yet another thirteen months passed before the transcript, or a second copy, was filed, bringing the delay in filing the transcript to a total of over three years and four months. Even so, the court again denied Rouben's motion to dismiss.

The burden for making sure the transcript was filed, not just paying for it, belonged to Adams. OCGA § 5-6-42 ("Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed. . . ."). See also *Dunbar v. Green*, 232 Ga. 188 (205 SE2d 854) (1974); *Jackson*, 217 Ga. App. at 504; *Allen v. Seaboard Coast Line R. Co.*, 128 Ga. App. 391 (196 SE2d 878) (1973). There is no evidence that Adams took any steps whatsoever to ensure that a second copy of the transcript was filed with the court during these 13 months, nor did Adams request any extensions. Because of this and the extraordinary total delay involved, most of which was caused by Adams, we conclude that the appeal is stale and that Rouben has been prejudiced by the delay. See *Cousins Mtg. &c. Investments v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516) (1978).

The Supreme Court and this Court have stressed that the purpose of the rules regarding timely preparation of the transcript should not be strictly enforced to prevent appeals unless the delay is unreasonable so as to affect the appeal itself. *Sellers v. Nodvin*, 262 Ga. 205, 207 (1) (415 SE2d 908) (1992); *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (1) (363 SE2d 265) (1987). Also, this Court has stated that "the policy of the law is to avoid a dismissal of the appeal and reach the merits of the case where it is reasonable to do so." *Galletta*, 185 Ga. App. at 21-22.

However, in *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994), the court stated that delay is unreasonable where it

> may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.

(Citations and emphasis omitted.) Id.

Here, it is beyond question that Adams' actions have significantly delayed the appeal of the merits of a case that was tried in 1997 — it still has not been docketed. Furthermore, even assuming Adams' main appeal should be meritorious — possibly requiring a retrial, Rouben would be prejudiced by having to defend himself from

the same allegations years later after memories have faded and subtleties regarding the matter have been lost.

In *Cousins Mtg.*, a case involving a delay of only ten months after the judgment of the trial court, where the appellants deliberately, temporarily abandoned their appeals by failing to pay costs in the trial court, this Court held that the appeals had become stale, and it reversed the trial court with direction to grant the motions to dismiss the appeals therein. *Cousins Mtg.*, 147 Ga. App. at 211-212.

Although we could remand this case for the trial court to make findings regarding staleness, no such remand is necessary under the egregious facts of this case where Adams so obviously shirked his responsibilities. Adams has not even responded to this appeal despite an order from this Court to do so. As stated by Chief Justice Duckworth, "Justice delayed is often justice denied." *George v. American Credit Control*, 222 Ga. 512, 513 (150 SE2d 683) (1966). The decision of the trial court is reversed and the case remanded with direction to dismiss the appeal.

*Judgment reversed and remanded with direction. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 27, 2002.

*Hall, Booth, Smith & Slover, Alexander H. Booth, Culley C. Carson IV*, for appellants.

David G. Adams, *pro se.*