A06A0459, A06A0650. COPTIC CONSTRUCTION COMPANY, INC. et al. v. ROLLE et al.; and vice versa.
(631 SE2d 475)

BARNES, Judge.

These consolidated cases arise from a jury verdict in favor of homeowners George and Betty Rolle, who sued Coptic Construction Company, Inc. and Victor Saad (collectively "Coptic Construction") for breach of contract and fraud in connection with the construction of their home. In Case No. A06A0650, the Rolles appeal from the trial court's denial of their motion to dismiss Coptic Construction's appeal. In Case No. A06A0459, Coptic Construction appeals from the jury verdict in the Rolles' favor. For the reasons set forth below, we find the trial court erred when it denied the Rolles' motion to dismiss Coptic Construction's appeal. Therefore, we reverse in Case No. A06A0650 and dismiss Case No. A06A0459.

### Case No. A06A0650

In Georgia,

> a party filing a notice of appeal must "state whether or not any transcript of evidence (or) proceedings is to be transmitted as a part of the record on appeal." OCGA § 5-6-37. When a transcript is to become part of the record on appeal, the appellant must have the transcript prepared at its expense and have it filed to be part of the record on appeal within 30 days after the notice of appeal was filed. OCGA §§ 5-6-41 (c); 5-6-42. If the transcript cannot be filed within 30 days, the appellant must request an extension of time under the procedures stated in OCGA § 5-6-39 to file the transcript. OCGA § 5-6-42.

*Crown Diamond Co. v. N. Y. Diamond Corp.*, 242 Ga. App. 674, 676 (2) (530 SE2d 800) (2000).

A trial court is authorized to dismiss an appeal for failure to file a transcript "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appealing] party." OCGA § 5-6-48 (c). The appeal

should not be dismissed unless the delay is unreasonable "so as to affect the appeal itself," *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 22 (1) (363 SE2d 265) (1987), either by prejudicing a party's position or by causing the appeal to be stale "such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court." (Citations and punctuation omitted.) *Cook v. McNamee*, 223 Ga. App. 460, 462 (477 SE2d 884) (1996). "The trial court has discretion in passing on these questions, but that discretion is subject to appellate review for abuse." (Citation omitted.) *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 535 (562 SE2d 818) (2002).

In this case, the record shows that the judgment in favor of the Rolles was entered on August 14, 2003. Coptic Construction filed timely motions for new trial and judgment notwithstanding the verdict, which the trial court denied on September 20, 2004, following a hearing held on September 7, 2004. On October 5, 2004, Coptic Construction filed a notice of appeal requesting that the clerk omit nothing from the record. On October 18, 2004, Coptic Construction filed an amended notice of appeal requesting that the record include all transcripts, and specifically identified the transcript of the hearing on its motions for new trial and judgment notwithstanding the verdict.

Nine months later, on July 18, 2005, the Rolles filed a motion to dismiss Coptic Construction's appeal because the transcript from the September 7, 2004 motion hearing had not been filed, resulting in a delay in the docketing of the appeal. The record shows that Coptic Construction never requested an extension of time to file the transcript and the only excuse offered by counsel was that he had verbally ordered the transcript from the court reporter at the conclusion of the September 2004 hearing, that he had timely filed the trial transcript, and that he had timely paid the costs for preparing the record.[1] After receiving the motion to dismiss the appeal, Coptic Construction's counsel contacted the court reporter on July 20, 2005, to obtain the hearing transcript, which was filed shortly thereafter, on August 17, 2005. At a hearing on October 4, 2005, on the Rolles' motion to dismiss the appeal, the trial court verbally denied the motion, "based on the cumulative facts before [it]." The court continued:

It's obvious that the Defendants had been diligent in pursuing their appeal by getting the original trial transcript

---

[1] This excuse was not submitted in the form of a sworn affidavit by counsel. Instead, it was made in Coptic Construction's brief and during oral argument on the motion to dismiss.

and by paying the appeals costs in a timely manner. This is a most unfortunate situation because, in fact, the lack of filing the transcript on the motion for new trial has, in fact, delayed the situation, but the circumstances are such that I find that the Defendants have diligently sought to pursue their appeal.

In its written order, which substantially tracked its verbal ruling, the trial court added that it "does not find inexcusable delay based upon Defendants' actions."

While trial courts have broad discretion when ruling on a motion to dismiss an appeal premised on a failure to timely file a transcript, that discretion is not unlimited. See, e.g., *Atlanta Orthopedic Surgeons*, supra, 254 Ga. App. at 537 (reversing trial court's denial of motion to dismiss appeal); *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 504 (458 SE2d 377) (1995) (finding trial court abused its discretion by denying motion to dismiss appeal).

In *Jackson*, supra, we held that "the duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party." 217 Ga. App. at 502 (2). Based on this duty, we found inexcusable a party's failure to communicate with the court reporter for five months "to obtain an accurate report of transcript preparation status" while repeatedly obtaining extensions of time to file the transcript. Id. at 504 (2).

In this case, Coptic Construction never even sought an extension of time to file the hearing transcript and apparently never communicated with the court reporter during the nine-month period between the hearing and the filing of the motion to dismiss. As a result, the record does not support the trial court's conclusion that the delay caused by Coptic Construction was excusable. *Jackson*, supra, 217 Ga. App. at 504.

Further, the record shows that Coptic Construction's actions delayed a just disposition of the case by delaying the docketing of the appeal and hearing of the case by this court. Consequently, the Rolles have been forced to wait for a final disposition on Coptic Construction's appeal of the verdict against it for $150,000 damages and $16,938 attorney fees and costs in this suit for breach of contract and construction fraud. See *Burton v. Hamilton*, 204 Ga. App. 18 (418 SE2d 398) (1992).

As the record shows an unreasonable, inexcusable delay in the filing of the transcript, caused by Coptic Construction, that has delayed the just disposition of this case, we reverse the trial court's order denying the Rolles' motion to dismiss this appeal and remand this case with direction to dismiss the appeal.

*Case No. A06A0459*

Based on our above holding, this related appeal is dismissed.

*Judgment reversed and case remanded with direction in Case No. A06A0650. Case No. A06A0459 is dismissed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MAY 17, 2006.

*David S. Lipscomb*, for appellants.
*Charles F. Peebles*, for appellees.