A08A0064, A08A0222. MORRELL et al. v. WESTERN SERVICES, LLC; and vice versa.
(662 SE2d 215)

SMITH, Presiding Judge.

These consolidated cases arise from a jury verdict and judgment in favor of Western Services, LLC against Richard Morrell and Holiday Enterprises, Inc., and Holiday Products Management, Inc., two corporations owned or controlled by Morrell (collectively "Morrell"). In Case No. A08A0064, Morrell appeals from the jury verdict. In Case No. A08A0222, Western appeals the trial court's denial of its motion to dismiss Morrell's appeal. We find that the trial court abused its discretion in refusing to dismiss Morrell's appeal because of unreasonable, inexcusable, and indeed deliberate delay in paying costs and filing a transcript. We therefore reverse in Case No. A08A0222 and dismiss Case No. A08A0064 as moot.

*Case No. A08A0222*

OCGA § 5-6-48 (c) provides:

---

[33] See *Grier v. State*, 273 Ga. App. 517, 519 (2) (615 SE2d 586) (2005).

No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

While the trial court has broad discretion in ruling on a motion to dismiss under this Code section, that discretion is not unlimited and the trial court's decision may be reversed for abuse of discretion. *Coptic Constr. Co. v. Rolle*, 279 Ga. App. 454, 456 (631 SE2d 475) (2006).

The record shows that the jury found in favor of Western on its claims against Morrell for fraud, RICO , and violation of the Georgia Securities Act, and it awarded punitive damages. Judgment in favor of Western was entered on January 18, 2006, including an award of treble damages under OCGA § 16-14-6 (c). On January 27, 2006, Morrell filed three affidavits of indigence on behalf of Richard Morrell and the corporations, all signed by Richard Morrell. On February 3, 2006, Western traversed the affidavits of indigence. On February 24, 2006, Morrell relied upon the affidavits of indigence to refuse to pay all costs, although Richard Morrell paid a portion thereof on behalf of himself individually. The trial court set a hearing on the traverse and other pending motions for March 23. On March 22, however, Morrell filed a petition for bankruptcy, and the trial court accordingly stayed the action and withheld ruling on the motions, noting that as soon as the stay was lifted "the Court will order defendant Morrell to immediately pay costs as required by law to pursue his appeal of the judgment entered in this case."

The bankruptcy was voluntarily dismissed on May 11, 2006. On May 15, Western filed a motion to dismiss the appeal for failure to pay costs. Once again, a hearing was scheduled for that motion and

six other pending motions for June 19, 2006, including the traverse of the affidavits of indigence. And once again, this time during the hearing itself, Morrell filed a suggestion of bankruptcy.

On June 23, 2006, the trial court, "mindful of the automatic bankruptcy stay," reserved a ruling on most pending matters, apparently including the motion to dismiss, but issued several limited rulings. It granted the motion for a supersedeas bond and ordered it posted within five days after termination of the bankruptcy. The order also stated: "Defendants are ORDERED to promptly pursue their appeal in this matter. Defendants are ORDERED to pay all costs required to pursue their appeal (including costs to prepare the trial transcript) within sixty (60) days of the entry of this order."

On July 11, 2006, the federal court dismissed Morrell's second bankruptcy petition. At some point thereafter, Morrell finally paid the outstanding costs.[1] On May 25, 2007, almost a year later, no transcript had been filed, and Western renewed its motion to dismiss the appeal.

A hearing on Western's renewed motion to dismiss was held on July 16, 2007. The trial court was inclined to attribute most of the delay in preparation of the transcript to the press of business with his court reporter. However, the court stated it was troubled by Morrell's failure to seek an extension: "I think it's a close issue. The fact that you never asked for an extension in the first 30 days is troubling because I thought you had done that because that's just one of those rules that can reach back and bite you a little bit." Appellate counsel responded that he believed that filing an extension "is no longer absolutely necessary," and the trial court responded, "I hope you're right." On the same day, the trial court entered a very brief handwritten order denying the motion to dismiss in one sentence. The trial court clerk was then "directed to transmit the record of this case to the Georgia Court of Appeals." This appeal followed.

1. The trial court did not address, either in its written order or in its oral ruling at the hearing, the issue of Morrell's failure to pay costs in full for over 200 days after filing the notice of appeal. See OCGA § 5-6-48 (c). We addressed a similar situation in *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 535 (562 SE2d 818) (2002), in which appellant Adams claimed that he was unable to pay the costs of a transcript due to indigence. We held: "[T]he court

---

[1] The exact date on which Morrell finally paid costs is not clear from the record, but it appears that they were paid some time after the dismissal of the second bankruptcy petition and some time before Morrell's response to the motion to dismiss, which was filed on May 30, 2007, and was his first assertion on the record that he had paid the costs in full as of that time.

found that Adams' excuse for not paying, that he was indigent, was not true. Oddly, the court granted Adams 30 days more time and Adams finally paid the costs. Arguably, the trial court abused its discretion at this point." Id. In the case before us, on March 27, 2006, the trial court ordered Morrell to pay costs "immediately" upon lifting of the bankruptcy stay, thus clearly rejecting Morrell's claims of indigence. That bankruptcy was voluntarily dismissed on May 10, 2006, but on July 16, 2007, over a year later, the trial court granted Morrell *60 additional days* to pay costs, despite Morrell's apparent abuse of the legal system by filing inadequate affidavits of indigence and filing and dismissing successive bankruptcy petitions on the eve of scheduled hearings in the case. Moreover, Morrell appears to have waited some additional time before coming forward with the required payment, over 200 days after costs were due and owing.

"This Court has held that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable." (Citations and punctuation omitted.) *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005) (trial court's denial of motion to dismiss appeal abuse of discretion when costs not paid until 57 days after notice from court and no valid excuse interposed). This inference may be rebutted, id., but in this case, as in *Fun Fit*, Morrell offered no excuse other than his affidavits of indigence, which were rejected by the trial court, and his successive bankruptcy petitions, which were dismissed.

> In view of the more than 30 day delay in the payment of costs and the absence of any evidence as to why the delay occurred, the trial court was not authorized to exercise its discretion and deny the motion to dismiss defendants' notice of appeal. We therefore reverse the judgment of the trial court.

(Citations and punctuation omitted.) Id.

2. Moreover, a significant portion of the delay in the preparation and filing of the transcript likewise was attributable to Morrell. A cogent analysis of this issue is found in well-established authority construing OCGA § 5-6-48 (c).

> Under our law, a party filing a notice of appeal must state whether or not any transcript of evidence or proceedings is to be transmitted as a part of the record on appeal. When a transcript is to become part of the record on appeal, the appellant must have the transcript prepared at its expense and have it filed to be part of the record on appeal within 30 days after the notice of appeal was filed. If the transcript

cannot be filed within 30 days, the appellant must request an extension of time under the procedures stated in OCGA § 5-6-39 to file the transcript.

(Citations and punctuation omitted.) *Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 676 (2) (530 SE2d 800) (2000).

A trial court has authority to dismiss an appeal if, after notice and opportunity for hearing, it finds that there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by the appealing party. In passing upon these issues the trial court must exercise its discretion, but only if the movant has shown: (1) that the delay in filing was unreasonable; (2) that it was inexcusable; and (3) that it was caused by the appealing party.

(Citations and punctuation omitted.) *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996). "Appellants are not accountable for delays caused by clerks of court or court reporters after the transcript has been ordered properly; appellants are held accountable only for delays that they cause." *Crown Diamond*, supra, 242 Ga. App. at 676. "The trial court has discretion in passing on these questions, but that discretion is subject to appellate review for abuse." *Atlanta Orthopedic*, supra, 254 Ga. App. at 535.

First, it is undisputed that Morrell never filed any request for extension of time as required by OCGA § 5-6-42: "The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal or designation by appellee, as the case may be, unless the time is extended as provided in Code Section 5-6-39." At the hearing on the motion to dismiss, counsel stated that he believed a failure to request an extension of time was no longer dispositive of a motion to dismiss. This is correct *if* the failure to request an extension stands alone and independent of any unreasonable and inexcusable delay on the part of the appellant. In *Young v. Jones*, 147 Ga. App. 65, 65-66 (1) (248 SE2d 49) (1978), the trial court considered appellant's *one day* delay in obtaining an extension as requiring dismissal, despite finding that there was no actual delay in obtaining the transcript and that appellant had been diligent. We held that this was error. Id. at 67. But failure to obtain the required extension of time is one of the factors considered in whether a delay in filing a transcript is unreasonable and inexcusable. *Atlanta Orthopedic*, supra, 254 Ga. App. at 536; *Coptic Constr.*, supra, 279 Ga. App. at 456.

Morrell has filed a three-page appellate brief with only two

citations of authority,[2] both over twenty years old, stating:

> "The late filing of a transcript is no longer a ground for dismissal of appeals by the appellate courts. *Smith v. Smith*, 128 Ga. App. 29 (195 SE2d 269) (1973).[3] Accordingly, the motion to dismiss is denied." *Denson v. Kloack*, 177 Ga. App. 483, 484 (1) (339 SE2d 761) (1986).

However, Morrell entirely omits the context of this pronouncement. Such a late filing, standing alone, is no longer a *jurisdictional* ground for dismissal because of the 1968 amendment of former Ga. Code Ann. § 6-809 (b), now OCGA § 5-6-48 (b). See *Jackson v. Fincher*, 128 Ga. App. 148, 149 (1) (195 SE2d 762) (1973). But this does not address the question of unreasonable delay in the filing of the transcript inexcusably caused by the party and thus expressly supporting dismissal of the appeal under OCGA § 5-6-48 (c).

Here, additional delay was caused by Morrell *after* the transcript was completed on March 5, 2007. Despite the trial court's earlier admonition "to promptly pursue their appeal in this matter," Morrell did not immediately pick up the transcript from the court reporter. In addition, Morrell did not ensure that the check for the balance owing on the transcript was delivered to the correct party, as still more delay ensued because Morrell gave the check to the judge's office rather than to the court reporter. The transcript was not actually filed until April 25, 2007.[4] This 51-day delay *alone* caused the appeal to be delayed from the April term to the September term of this court. See Court of Appeals Rule 12. "[J]ustice delayed for even one [term] is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." (Citations and punctuation omitted.) *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006).

Moreover, we must consider this further delay in the context of Morrell's continuing efforts to delay the progress of this appeal

---

[2] Morrell begins his cursory brief with the contention that Western's brief should not be considered because it was filed late. As Western notes, this contention is in error. Western's brief was due twenty days from docketing on September 17, 2007. The twentieth day fell on October 7, a Sunday. On October 8, a Monday, the Court of Appeals was closed for Columbus Day, an official state holiday. OCGA § 1-4-1 (a) (1). Western filed its brief on October 9, the next available business day. Court of Appeals Rule 3. As Western notes, after a 570 day delay, "[n]ow that's irony."

[3] We note that *Smith* is physical precedent only, although that was not observed by either this court in *Denson* or by Morrell.

[4] While Morrell's counsel asserted, "We kept in touch with [the court reporter]," this "excuse was not submitted in the form of a sworn affidavit by counsel. Instead, it was made in [appellees'] brief and during oral argument on the motion to dismiss." *Coptic Constr.*, supra, 279 Ga. App. at 455, n. 1.

through offering meritless petitions of indigence and filing suggestions of bankruptcy immediately before or even during the trial court's attempts to dispose of numerous pending post-trial motions. As in *Atlanta Orthopedic*, we base our decision on "the extraordinary total delay involved, most of which was caused by" Morrell, and the consequent staleness of the appeal and prejudice to Western. Id., 254 Ga. App. at 536.

The record shows an unreasonable, inexcusable delay in both the payment of costs and the filing of the transcript. This "extraordinary total delay" of 19 months was caused in significant part by Morrell, not only by his failure to pay costs or ensure the prompt filing of the transcript, but also by his deliberate employment of multiple bankruptcy filings and inadequate affidavits of indigence to delay proceedings in the trial court after filing the notice of appeal. The just disposition of this case has been substantially delayed. *Coptic Constr.*, supra, 279 Ga. App. at 456. We therefore reverse the trial court's order denying Western's motion to dismiss this appeal and remand this case with direction to dismiss the appeal.

### Case No. A08A0064

Based on our holding in Case No. A08A0222, this related appeal is dismissed as moot.

*Judgment reversed and case remanded with direction in Case No. A08A0222. Appeal dismissed in Case No. A08A0064. Mikell and Adams, JJ., concur.*

DECIDED MAY 2, 2008.

*S. Robert Hahn, Jr., George L. Kimel*, for appellants.
*Zachary & Segraves, J. Ed Segraves, David J. Hungeling*, for appellee.