# FOURTH DIVISION
## DOYLE, P. J.,
## MCFADDEN and BOGGS, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 6, 2013**

# In the Court of Appeals of Georgia

A13A0382, A13A0416. MERCER v. MUNN; and vice versa.     DO-023
                                                        DO-025

DOYLE, Presiding Judge.

Roy A. Munn sued Dr. Alexander J. Mercer, his psychiatrist, alleging that Mercer's refusal to allow him to bring his rottweiler, which Munn characterized as a "service dog," into the office during an appointment violated the Americans with Disabilities Act ("ADA") and OCGA § 30-4-2.[1] The trial court granted summary judgment to Mercer.[2] In Case No. A13A0382, Mercer appeals the trial court's denial

---

[1] OCGA § 30-4-2 (b) provides that "[e]very totally or partially blind person shall have the right to be accompanied by a guide dog, and every physically disabled person and every deaf person shall have the right to be accompanied by a service dog, especially trained for the purpose, in any of the places listed in subsection (a) of this Code section . . . The guide dog or service dog must be identified as having been trained by a school for seeing eye, hearing, service, or guide dogs."

[2] Munn did not seek specific injunctive relief, but instead sought emotional damages, punitive damages, an order requiring Mercer to return all Medicare

of his motion to dismiss Munn's appeal. In Case No. A13A0416, Munn appeals pro se the trial court's grant of summary judgment to Mercer. For the reasons that follow, we conclude that the trial court erred by denying Mercer's motion to dismiss Munn's appeal. Therefore, we reverse and remand Case No. A13A0382, and we dismiss Case No. A13A0416.

*Case No. A13A0382*

1. Mercer argues that the trial court abused its discretion by denying Munn's appeal based on his failure to timely file the transcript. We agree.

Georgia law provides that

a party filing a notice of appeal must state whether or not any transcript of evidence or proceedings is to be transmitted as a part of the record on appeal. OCGA § 5-6-37. When a transcript is to become part of the record on appeal, the appellant must have the transcript prepared at its expense and have it filed to be part of the record on appeal within 30 days after the notice of appeal was filed. OCGA §§ 5-6-41(c); 5-6-42. If the transcript cannot be filed within 30 days, the appellant must

---

payments for Munn's treatment, an order requiring Mercer to take an anger management course and to "[l]earn about the [ADA]," and costs.

request an extension of time under the procedures stated in OCGA § 5-6-39 to file the transcript. OCGA § 5-6-42.[3]

OCGA § 5-6-48 (c) authorizes a trial court to dismiss an appeal "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appealing] party."

> The appeal should not be dismissed unless the delay is unreasonable so as to affect the appeal itself, either by prejudicing a party's position or by causing the appeal to be stale such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.[4]

"While the trial court has broad discretion in ruling on a motion to dismiss under [5-6-48 (c)], that discretion is not unlimited and the trial court's decision may be reversed for abuse of discretion."[5]

---

[3] (Punctuation omitted.) *Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 676 (2) (530 SE2d 800) (2000).

[4] (Citations and punctuation omitted.) *Coptic Constr. Co., Inc. v. Rolle*, 279 Ga. App. 454, 454-455 (631 SE2d 475) (2006).

[5] *Morrell v. Western Svcs., LLC*, 291 Ga. App. 369, 370 (662 SE2d 215) (2008).

In this case, the trial court entered the order granting summary judgment to Mercer on April 11, 2011. Munn filed a notice of appeal on May 9, 2011; the notice included a request that the clerk omit nothing from the record and stated that "[a] transcript of evidence and proceeding will be filed for inclusion in the record on appeal." On May 11, 2011, the deputy clerk wrote to Munn, informing him that he needed to order any trial transcripts from the court reporter.

Six months later, on November 15, 2011, Mercer filed a motion to dismiss Munn's appeal because a transcript had not been filed, resulting in a delay in docketing the case. At the July 24, 2012 hearing on the motion to dismiss, Munn stated that he contacted the court reporter on May 24, 2012, to order a transcript of the court proceedings. The court reporter indicated that she sent Munn an email on May 31, 2012, advising he had to pay her the estimated cost of $340.20 before she could begin preparing the transcript. As of the July 24 hearing, Munn had not yet paid the court reporter.

Following the hearing, the trial court entered an order denying Mercer's motion to dismiss, stating therein that Munn did not request an extension of time to file his transcript and that

4

his delay in obtaining a transcript for filing in the record of appeal has been excessive. However, [Mercer] has failed to show any real prejudice to him that would result from the delay should the [c]ourt in its discretion grant [Munn] an extension of time to file his transcript as permitted under OCGA § 5-6-39. As [Munn] has shown a willingness to make a good faith effort to complete the filing of his appeal, . . . [Mercer's] Motion to Dismiss [Munn's] Notice of Appeal is DENIED[,] and [Munn] will have . . . 30[] days from the date of this order to file a copy of the transcript of the evidence and proceedings to be included in the record of appeal.

It is well settled that "the duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party."[6] "A delay of more than 30 days in filing a transcript as provided by OCGA § 5-6-42 is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[7] Here, Munn has failed to demonstrate that his delay of more than a year in contacting the court reporter to order the transcript was excusable.

---

[6] *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 502 (2) (458 SE2d 377) (1995).

[7] (Punctuation omitted.) *In the Interest of T. H.*, 311 Ga. App. 641, 643 (716 SE2d 724) (2011).

[T]he threshold question [of] whether the delay was *unreasonable* refers principally to the length and effect of the delay. Delay is unreasonable where it may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.[8]

Although the record supports the trial court's conclusion that Mercer has not been "directly prejudic[ed]" by the extraordinary delay, it is indisputable that Munn's failure to procure the transcript has "discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date."[9] As we have repeatedly held, "[j]ustice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed."[10]

---

[8] (Citation and punctuation omitted; emphasis in original.) *Pistacchio v. Frasso*, 314 Ga. App. 119, 121-122 (723 SE2d 322) (2012).

[9] Id. at 122.

[10] (Punctuation omitted.) Id.

Accordingly, because Munn failed to present evidence to rebut the presumption that his delay in filing the transcript was unreasonable, which delayed the just disposition of this case, we conclude that the trial court abused its discretion by denying Mercer's motion to dismiss.[11] Therefore, "we reverse the trial court's order denying [Mercer's] motion to dismiss this appeal and remand this case with direction to dismiss the appeal."[12]

*Case No. A13A0416*

2. Based on our above holding, this related appeal is dismissed.

*Judgment reversed and case remanded with direction in Case No. A13A0382. Case No. A13A0416 is dismissed. McFadden and Boggs, JJ., concur.*

---

[11] *Coptic Constr.*, 279 Ga. App. at 456 (trial court abused its discretion by denying motion to dismiss based on appellant's nine-month delay in communicating with the court reporter, which resulted in inexcusable delay in filing trial transcript. See also *Morrell*, 291 Ga. App. at 375 (reversing denial of a motion to dismiss the appeal based on the appellant's 19-month "unreasonable, inexcusable delay in both the payment of costs and the filing of the transcript"); *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 503 (458 SE2d 377) (1995) (trial court abused its discretion by finding that the appellants' unreasonable delay was excusable).

[12] *Coptic Constr.*, 279 Ga. App. at 456.