**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J. and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

January 8, 2021

# In the Court of Appeals of Georgia

A20A1888. CARBONARA et al. v. FORTRESS GROUP, INC.
A20A2035. FORTRESS GROUP, INC. v. CARBONARA et al.

RICKMAN, Presiding Judge.

These consolidated appeals arise from a judgment in favor of Fortress Group, Inc. on a claim of fraudulent transfer against Russell and Amarynthia Carbonara arising out of Mr. Carbonara's transfer of his interest in the marital residence to his wife within months of Fortress obtaining an arbitration award against Mr. Carbonara. In Case No. A20A2035, Fortress appeals from the trial court's denial of its motion to dismiss the Carbonaras' appeal. In Case No. A20A1888, the Carbonaras appeal from the judgment in favor of Fortress. For the reasons that follow, we find the trial court erred when it denied Fortress's motion to dismiss the Carbonaras' appeal. We therefore reverse in Case No. A20A2035 and dismiss Case No. A20A1888.

The record shows that Fortress obtained an arbitration award against Russell Carbonara in 2014. In September 2015, Fortress filed the underlying lawsuit, alleging that Mr. Carbonara had fraudulently transferred his 50 percent interest in a residence to his wife via quitclaim deed. A bench trial was held on November 15, 16, and 27, 2018. One court reporter covered the first two days of trial, and a second court reporter covered the third day. The trial court entered its "Order and Final Judgment" on March 28, 2019, in which it set aside the quitclaim deed and awarded punitive damages and attorney fees in favor of Fortress.[1] The Carbonaras filed their notice of appeal from the trial court judgment on April 26, 2019,[2] stating that the record should include "the transcript from the Bench Trial held on November 15, 16, and 27, 2018."

Over seven months later — on December 4, 2019 — Fortress filed its motion to dismiss the appeal on the grounds that the Carbonaras had failed to file any transcripts or seek an extension of time to do so.

Following Fortress's motion, the trial court attempted to expedite production of the transcript by ordering the first court reporter to complete and file the transcript or

---

[1] The final order and judgment incorporated by reference an earlier order in which the court found that the Carbonaras conspired to defraud Fortress.

[2] The Carbonaras' appellate counsel made their appearance that day and filed the notice of appeal.

2

provide the takedown so that another court reporter could do so; the court even threatened to hold the court reporter in contempt. There is nothing in the record to show that the court took similar steps vis-a-vis the second court reporter.

Meanwhile, the Carbonaras responded to Fortress's motion but did not come forward with any evidence that they had requested or paid for the transcripts or that they had contacted either of the two court reporters. In fact, the court soon inquired of all counsel, via email, as to who had paid for the transcript. In their reply, the Carbonaras avoided a direct response, stating only that "[t]he invoice for the hearing transcript was likely sent to Defendants' prior counsel."[3] The court asked the Carbonaras a second time if they had ordered a transcript and paid for it, but the record does not contain a response. On January 22, 2020, in another email message, the judge's staff attorney stated "[t]o date, no party has requested a transcript for [the third day of trial]" from the second court reporter. The staff attorney also stated that a substitute had been arranged for the first court reporter and "[w]homever now desires the above-referenced transcripts needs to contact the court reporters respectively to place the order and pay"; the message included the contact information

---

[3] Fortress responded that it had paid its portion of the takedown fee and for a copy of the transcript in May 2019 but that it had not received a transcript.

for both reporters. Finally, sometime after January 24, 2020, nine months after the filing of the notice of appeal and at least 50 days after the motion to dismiss, Fortress ordered the trial transcripts, which were filed on May 11, 2020.

After the transcripts were filed, the trial court denied Fortress's motion to dismiss. The court found that the "sole or at least primary reason for the delay" was caused by the first court reporter. The court commented about its own difficulties in trying to obtain the transcript from that reporter, on the fact that the reporter was out on medical leave for "the latter part of 2019 and beginning of 2020," and on the court's own diligence in attempting to obtain the transcript. The court also stated that it had informed the parties via email in May 2019 that it was working diligently to obtain the transcript from the court reporter. The court made no comment regarding the second court reporter.

Subsequently, the record and transcript were then forwarded to this Court, and the case was docketed on May 26, 2020 — over one year after the notice of appeal — and assigned to the August 2020 term of this Court.

1. In Georgia, a party filing a notice of appeal must "state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." OCGA § 5-6-37. Thereafter, the appellant is responsible for requesting,

4

paying for, and filing the transcript in the trial court within 30 days of the notice of appeal:

> When a transcript is to become part of the record on appeal, the appellant must have the transcript prepared at its expense and have it filed to be part of the record on appeal within 30 days after the notice of appeal was filed. OCGA §§ 5-6-41 (c); 5-6-42.

*Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 676 (2) (530 SE2d 800) (2000). "If the transcript cannot be filed within 30 days, the appellant must request an extension of time under the procedures stated in OCGA § 5-6-39 to file the transcript. OCGA § 5-6-42." Id. "Appellants are not accountable for delays caused by clerks of court or court reporters *after the transcript has been ordered properly*." (Emphasis supplied.) Id.

A trial court may dismiss an appeal for failure to file a transcript "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appealing] party." OCGA § 5-6-48 (c). Thus, as explained by our Supreme Court, "OCGA § 5-6-48 (c) sets forth three criteria for dismissal of an appeal for failure to timely file a transcript: 1) unreasonable delay which was 2) [i]nexcusable and 3) caused by such party." (Citation and punctuation omitted.) *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). "A delay

in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation and punctuation omitted.) *Kelly v. Dawson County*, 282 Ga. 189, 189 (646 SE2d 53) (2007). "The trial court has discretion in passing on these questions, but that discretion is subject to appellate review for abuse." (Citation omitted.) *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 535 (562 SE2d 818) (2002).

As further shown below, the record in this case shows without question that at least the first five to seven months of delay in filing the transcript was unreasonable, inexcusable, and caused by the Carbonaras. The greater than 30-day delay established a prima facie case that the delay was unreasonable and inexcusable, see *Kelly*, 282 Ga. at 189, and the Carbonaras failed to rebut the presumption. Although the court reporter was responsible for some of the delay, the trial court did not have discretion to ignore the Carbonaras' significant role in the delay.

(a) "[T]he threshold question whether the delay was unreasonable refers principally to the length and effect of the delay." (Citation and punctuation omitted; emphasis in original.) *Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992). Delay can affect an appeal by "causing the appeal to be stale, such as, by

6

delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court." (Citation omitted.) *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994). Here, the nine-to-twelve-month delay in obtaining the transcript undoubtedly resulted in a delay in docketing of Fortress's appeal by at least two terms of this Court and was, therefore, unreasonable.[4] See *American Nat. Property & Cas. Co. v. Potts*, 243 Ga. App. 645, 646-647 (534 SE2d 123) (2000) (month-and-a-half delay in paying for transcript unreasonable where it prevented placement of case on earliest possible calendar and delayed docketing and hearing).

(b) The Carbonaras' delay in obtaining the transcript was inexcusable. Although they stated in their notice of appeal that transcripts would be included with the record for their appeal, the Carbonaras never ordered or paid for the transcripts from either court reporter in the first nine months following the appeal, and they never requested

---

[4] This Court's docket for the December, April, and August terms closes on the March 31 (the following year), July 17, and November 18, respectively. See Court of Appeals Rule 12.

7

an extension of time to do so.[5] During that time, they wholly shirked their responsibility to obtain the transcript as required by law and to remain in contact with the court reporter about progress.[6] See *Coptic Const. Co. v. Rolle*, 279 Ga. App. 454, 456 (631 SE2d 475) (2006) (delay inexcusable where appellant never sought extension of time to file transcript and never communicated with the court reporter during the nine-month period about transcript status). In response to Fortress's motion to dismiss, the Carbonaras came forward with no evidence of an excuse for their failure to request and pay for the transcripts.

Instead, the Carbonaras suggest that the court's own involvement in attempting the obtain the transcript excused their failure to act. But it is the appellant's burden, not

---

[5] A failure to request an extension of time is not dispositive of a motion to dismiss "if the failure to request an extension stands alone and independent of any unreasonable and inexcusable delay on the part of the appellant." *Morrell v. Western Services, LLC*, 291 Ga. App. 369, 373 (2) (662 SE2d 215) (2008) (emphasis omitted.).

[6] Fortress acknowledges that it ordered a portion of the transcript in April 2019. But there is no evidence that the Carbonaras were aware of or relied upon that fact; and even if they had, such reliance alone is insufficient. See *Northeast Georgia Medical Center v. Healthsouth Rehabilitation Hosp. of Forsyth County*, 347 Ga. App. 852, 859-860 (2) (821 SE2d 68) (2018) ("appellants are not absolved of [duty to have transcript prepared at their expense and to file it within 30 days] simply because they learned that [appellee] had requested a transcription of the hearing"); *Jackson*, 217 Ga. App. at 500 (holding that good faith belief that opposing party had ordered the transcript is but one factor in determining whether conduct is excusable; "good faith does not automatically render an unreasonable delay excusable").

the court or the court reporter, to take the necessary steps to secure the transcript. See *Mercer v. Munn*, 321 Ga. App. 723, 726 (1) (742 SE2d 747) (2013) ("[T]he duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party.") (citation and punctuation omitted.); *Jackson*, 217 Ga. App. at 502-503 (2). Nothing done by the court relieved the Carbonaras of their duty under the law to obtain the transcript, nor should it. Otherwise the burden would be shifted improperly to the appellee to deal with any delays. Once the court indicated that it might be playing a role in obtaining the transcript, at a bare minimum the Carbonaras should have requested an extension of time of their duty to obtain the transcript within 30 days of the filing of the notice of appeal. Instead, the Carbonaras took no steps whatsoever and have offered no excuse for this failure; thus, they failed to rebut the presumption that the delay was inexcusable.

(c) Finally, given that the Carbonaras failed to take any steps to secure the transcript for over nine months, the trial court abused its discretion by finding that the court reporter was the "sole or at least primary reason for the delay." Instead, the court only considered the Carbonara's effort to "point to the [first reporter's] delay in completing and filing the transcript." In so doing, the court noted that the reporter was

9

on medical leave for "the latter part of 2019 and beginning of 2020." But the trial court improperly ignored the time delay from April 26, 2019 though "the latter part of 2019," for which the Carbonaras offered no excuse for their failure to follow the law; thus, the Carbonaras caused significant delay. See *Newton v. Freeman*, 353 Ga. App. 704, 709 (839 SE2d 203) (2020) (holding that trial court abused its discretion by denying motion to dismiss where, even though superior court clerk experienced technical inability to file trial exhibits, which explained some of the delay, appellant's failure to contact clerk for 15 months or to seek an additional extension of time caused significant delay); *Morrell v. Western Services*, 291 Ga. App. 369, 372 (2) (662 SE2d 215) (2008) (holding that trial court abused its discretion by denying motion to dismiss where, despite court's "inclin[ation] to attribute most of the delay in preparation of the transcript to the press of business with his court reporter," record showed that delay in obtaining transcript was unreasonable and inexcusable where "significant portion of the delay" was attributable to the appellant); compare *Atlanta Geoscience v. Phoenix Dev. & Land Inv.*, 341 Ga. App. 81, 82 (1) (799 SE2d 242) (2017) (physical precedent only). The Carbonaras complete failure to obtain the transcript of the third day of trial from the second court reporter, who had no medical issues, supports our conclusion.

10

Any argument that the first court reporter would have been unable to produce the transcript on a timely basis if the Carbonaras had made a timely request and payment is speculative. See *Pistacchio v. Frasso*, 314 Ga. App. 119, 122 (723 SE2d 322) (2012) (speculative assertion that delay would not have caused the appeal to be docketed at a later term of court was mere conjecture). This is especially true given that the Carbonaras failed to contact the court reporters and stay in contact with them in order to solve any developing problems and expedite production of the transcripts.

In sum, the trial court abused its discretion in denying the motion to dismiss because the record shows that the Carbonaras failed to rebut the presumption that the delay in filing the transcript was unreasonable and inexcusable, and the trial court abused its discretion in failing to attribute significant delay to the Carbonaras. See *Atlanta Orthopedic*, 254 Ga. App. at 536 (trial court abused its discretion in refusing to dismiss where there was "no evidence that [appellant] took any steps whatsoever to ensure that a second copy of the transcript was filed. . . during these 13 months, nor did [appellant] request any extensions. . . and [because of] the extraordinary total delay involved, most of which was caused by [appellant]"); *Mercer*, 321 Ga. App. at 727 (1) (trial court abused its discretion by denying motion to dismiss appeal were appellant "failed to present evidence to rebut the presumption that his delay in filing the

11

transcript was unreasonable, which delayed the just disposition of this case"). Delay by the appellant in obtaining a transcript is "justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." *Cousins Mortg. & Equity Investments v. Hamilton*, 147 Ga. App. 210, 212 (248 SE2d 516) (1978). We therefore reverse the trial court's judgment in Case No. A20A2035. See *Newton*, 353 Ga. App. at 708.

2. In light of our holding in Division 1, we dismiss the Carbonaras' appeal in Case No. A20A1888.

*Judgment reversed in Case No. A20A2035. Appeal dismissed in Case No. A20A1888. Dillard, P. J., and Brown, J., concur.*